BREAUX, C. J.
The grand, jurors of Tangipahoa found a true bill against King William, alias King John, charging that on the-5th day of August, 1910, he made an assault upon Luberta Lewis, a child under 12 years,, with felonious intent of committing rape.
He was tried and found guilty as charged,, and recommended to the mercy of the court..
A motion for a new trial was filed, in which several grounds were averred to set aside the verdict, the most important of which was that the prosecuting witness was not a competent witness. This is the only *281 ground ‘argued in the brief of learned counsel for defendant.
The motion for a new trial was overruled.
On the 25th day of October, 1911, the court sentenced him to serve a term of five years in the penitentiary.
Several bills of exceptions were reserved.
[1] In the first bill of exceptions, the defendant, through his counsel, urge that Luberta Lewis, the prosecuting witness, was not a competent witness by reason of her not knowing the meaning of an oath, and that she was too ignorant to testify on account of her tender years.
The court overruled defendant’s objection to this testimony, and ruled that she could testify.
She was examined as a witness on her voir dire to test her competency; her testimony was annexed to the bill of exceptions.
The learned judge states in one of the bills of exceptions that she was seven to eight years of age; others thought that she was about six years old. When questioned about her father and mother, she testified intelligently enough. She talked pf her father and mother and places to which she had been; her testimony about these was clear •and succinct enough.
Questioned about the school she had attended, she had forgotten the name of her teacher. She said that it was some time since she had attended school; she did not know how long it was since she left school. She said that her father had taken her some time ago to Baton Rouge, then to Pontchatoula, and named persons at whose places :she had stayed. She remembered sugar cane time, but at first knew nothing about Christmas, but said she was in Tangipahoa last Christmas and last “sugar cane time.” When asked:
“How do you know that?”
Her answer was:
“I got some things Santa Claus brought me.”
She failed to answer some of the questions that a child of her age should have answered. Toward the. end of her testimony, she answered more satisfactorily.
After counsel had examined her as a witness, the court asked her:
“Q. If I were to tell you, little girl, that there is a box of candy in this drawer [indicating drawer in his desk], and you looked at it and did not find one there, what would that be?
A. A story.
Q. That would be a story?
A. Yes, sir.
Q. If I was to tell you that there was a box of candy in this drawer, and you were to look into it and find it there, what would that be ?
A. That would be the truth.”
At another time, asked what would become of her if she told a story now, her answer was, “To the bad man.”
Taking her answers together, we have concluded that the trial judge did not err in permitting her to testify. She had understanding enough to be a witness as to what attempts had been made on her person in connection with the charge brought against the defendant.
This court (Justice Parlange was the organ), in a case of the nature of the case under consideration, but much stronger for the defense on the point now before us, affirmed the ruling of the lower court. A large discretion is left to the judge of the trial court. State v. Langford, 45 La. Ann. 1177-1182, 14 South. 181, 40 Am. St. Rep. 277.
In State v. Richie, 28 La. Ann. 327, 26 Am. Rep. 100, the court held that the judge must examine the witness of tender years, and his admission or rejection must be dependent upon the sound discretion of the judge.
The conclusion arrived at in State v. Williams, 111 La. 181-186, 35 South. 505, was very similar, and a number of decisions were cited in support of the views of the court.
[2] The second bill of exceptions in the *283 case before us for decision relates to the charge of the court.
The statement of the court in the per curiam fully justifies the charge and leaves the defendant without good ground of complaint. In answer to the objection in question, the court states that he charged the jury that the date of the offense was sufficiently stated. It was proven that the offense had been committed within a year previous to the filing of the indictment, beyond a reasonable doubt, and added that the jury had a right to consider the time intervening between the alleged time of the commission of the offense and the time of complaint, that the charge fully covered the law.
There was no error committed in giving this charge, and the defense in argument have not attempted to argue that there was error.
No bill of exceptions was reserved to the court’s ruling, overruling the motion for a new trial. It follows that the grounds of the motion are not before ús.
It only remains for us to affirm the judgment.
For reasons stated, the judgment is affirmed.