PEOPLE *v.* NAPPO.

1. INDICTMENT AND INFORMATION—VERIFICATION—STATUTES.
    Objection, in prosecution for larceny, that information was not verified, as required by statute (Act No. 175, Pub. Acts 1927, chap. 7, § 40), made after jury was sworn, came too late.

2. ARREST—PROBABLE CAUSE—FELONY.
    Where store detective saw defendant in store with something concealed under her coat, followed her on street and saw tops of shoes protruding, attempted to stop her, but she ran to parked automobile, and, in struggle which followed, stolen shoes fell to sidewalk, there was sufficient ground to justify belief that felony was being committed, warranting arrest without warrant.

3. SAME—SEARCH OF AUTOMOBILE AUTHORIZED WHERE ARREST WITHOUT WARRANT IS JUSTIFIED.
    Where arrest without warrant on larceny charge was justified under the facts, search of defendant's automobile without warrant was authorized, and evidence in nature of stolen goods thereby obtained was admissible.

Error to recorder's court of the city of Detroit; Skillman (W. McKay), J. Submitted April 17, 1930. (Docket No. 159, Calendar No. 34,475.) Decided June 2, 1930.

Rose Nappo was convicted of larceny. Affirmed.

*Harry S. Toy* and *Frank P. Darin,* for defendant.

CLARK, J. The objection that the information was not verified as required by the statute then in force, section 40, chap. 7, Act No. 175, Pub. Acts 1927 (see Act No. 24, Pub. Acts 1929, amending Act No. 175),

made after jury was sworn, came too late. *Lambert* v. *People,* 29 Mich. 71.

Defendant's remaining meritorious assignment of error in review of judgment upon conviction of larceny of shoes and other articles, valued at $104.15 of Ernst Kern Company in Detroit, is that the evidence against her was procured in violation of her constitutional right to be secure against unreasonable searches and seizures, and ought, on her motion, to have been suppressed. Counsel argue there was not sufficient ground for belief to justify arrest; that the arrest was illegal, and therefore the search of defendant's automobile following arrest also unwarranted, citing *People* v. *Margelis,* 217 Mich. 423; *People* v. *Stewart,* 232 Mich. 670.

On the hearing of the motion, Jean Brent, experienced house detective in the store of Ernst Kern Company, having arrested or detained many shoplifters, testified that she apprehended defendant. She saw her in the store with something concealed under her coat, watched her, followed her closely from the store and on the street, saw the tops of shoes sticking out of her coat, attempted to stop her, but defendant ran to a parked automobile, followed by the detective, a struggle ensued, the shoes fell to the sidewalk, a policeman came, defendant was arrested and the car later searched, and in addition to shoes priced at $25.65, lingerie was found priced at $78.50, all of which had been stolen from the Kern store. The question is argued and presented as an arrest for felony, and it will be so treated.

The evidence adduced on the motion supports the decision of the trial judge that at the time of arrest there was reasonable and probable cause to suspect that the offense had been committed. The arrest

of the offender therefore was properly made without warrant, and the search of the automobile after arrest was also authorized. *People* v. *Kamhout,* 227 Mich. 172.

Remaining assignments call for no discussion. Affirmed.

WIEST, C. J., and BUTZEL, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ. concurred.