FOURNET, Justice.
 

 The defendant John Parker was tried by a jury and convicted of “assault with intent to commit rape” and was sentenced to one year in the state penitentiary. The defendant has appealed from the conviction and sentence.
 

 The appeal is based on exceptions to the ruling of the court *in permitting the prosecuting witness, Ernestine Johnson, a negro girl ten years of age, to be sworn and to testify, and the overruling of a motion for a new trial based on the same ground.
 

 The witness was called by the state to testify, and counsel for defendant objected to the use of her testimony on the ground that she was not a competent witness, due to her age and lack of intelligence. The witness was interrogated by the district attorney and by the court, and cross-examined by counsel for the defendant. She was sworn and permitted to testify.
 

 The trial judge, in his per- curiam, said:
 

 “The prosecuting witness, Ernestine Johnson, was examined by the court before being sworn as a witness on behalf of the State. She stated her age to be ten years and her appearance fully corroborated this statement. She further stated among other things and in effect, that she did not know how she would be punished or what the resulting consequence would be if she testified falsely, but that she did know it would be wrong to testify falsely; that her mother had taught her never to tell a lie. From this examination she convinced the Court that she possessed a degree of intelligence sufficient to answer the questions propounded to her and that she
 
 *638
 
 ¡vas fully normal in intellect of a negro child of her age, and therefore the Court permitted her testimony as competent.
 

 “This examination was made by the court before the witness was sworn and no note of evidence was made thereof.
 

 “The court further states that in its opinion, the evidence produced on trial of this case fully justified the verdict as returned by the Jury.”
 

 The testimony of this witness, while under cross-examination, is in the record and, after reading it, we agree with the trial judge that the witness possessed that degree of understanding and intelligence to qualify as a competent witness. Understanding, and not age, is the test of whether any person of tender age shall be sworn as a witness. Code Or. Proc. art. 469.
 

 In the case of State v. Warlick, 179 La. 997, 155 So. 460, 462, the court said:
 

 “In cases where a child under twelve years of age is called as a witness and where the trial judge examines the witness and from such examination is convinced that the witness is competent, his ruling to that effect will not be disturbed unless the testimony brought up shows that he manifestly erred in his ruling. Great weight must be attached to the ruling of the trial judge in such cases for the reason that he has the advantage of observing the witness and the manner in which her testimony is given, which advantage is not enjoyed by the appellate court.”
 

 In any event, there is nothing in the record which would justify us in taking issue with the judge of the district court, particularly since this is a matter which is left largely to the discretion of the judge a quo. We cannot say that he manifestly erred in his ruling or abused the discretion the law vested in him in allowing this witness to testify, and, consequently, the verdict of the jury and the sentence are affirmed.