PEOPLE *v.* BONNEAU.

1. INDICTMENT AND INFORMATION—MOTION TO QUASH—JURY.
  Motion to quash information was properly denied, where not made
    until after jury was sworn, since it came too late (3 Comp.
    Laws 1929, § 17290).

2. CRIMINAL LAW—INDECENT LIBERTIES—APPEARANCE—EVIDENCE.
  In prosecution for taking indecent liberties with the person of a
    female child, testimony concerning her appearance and condi-
    tion shortly after the alleged attack was admissible.

3. SAME—INDECENT LIBERTIES—RES GESTAE—DETAILS OF COMPLAINT
  OF CHILD.
  The details of a complaint of a girl with whom a defendant is
    charged with having taken indecent liberties, made shortly
    after the occurrence of the event, are admissible as part of the
    *res gestae.*

4. SAME—INDECENT LIBERTIES—CHILD'S DELAY IN MAKING COM-
  PLAINT TO PARENT—FRIGHT.
  Statements by 7-year-old girl to her mother, made three days after
    defendant is alleged to have taken indecent liberties with her,
    were admissible as part of the *res gestae* where the girl had
    been deterred from making earlier complaint because of fright
    from defendant's threats, hence, mother's testimony as to de-
    tails of the girl's statement to her was admissible.

Appeal from Houghton; Brennan (Leo J.), J.
Submitted October 14, 1948. (Docket No. 12, Cal-
endar No. 44,152.) Decided December 17, 1948.

Irving Bonneau was convicted of taking indecent
liberties with a female child. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am. Jur., Indictments and Informations, § 141.
[2-4] 4·Am. Jur., Assault and Battery, § 150.

*Louis A. Keary,* for appellant.

*Eugene F. Black,* Attorney General, and *Stephen D. Condon,* Prosecuting Attorney, for the people.

Dethmers, J.   Defendant, a 29-year-old man, convicted of having taken indecent liberties with the person of a 7-year-old girl, appeals.

Defendant assigns as error the court's denial of his motion, made after the jury was sworn, to quash the information.   The motion came too late and was properly denied.   3 Comp. Laws 1929, § 17290 (Stat. Ann. § 28.1016).   *Lambert* v. *People,* 29 Mich. 71; *People* v. *Brott,* 163 Mich. 150; *People* v. *Curran,* 191 Mich. 583; *People* v. *Nappo,* 251 Mich. 89.

The little girl walked from her home to a bus station where she was to take a bus to a neighboring town to visit her grandparents.   At the station defendant indicated his willingness to take her there and she was seen by her sister to enter his automobile.   She did not arrive at the home of her grandparents until about 2½ hours later.   Meanwhile, the mother and grandparents became alarmed, made a search for her and called the sheriff's office.   When she finally arrived her face was flushed and swollen, her hair was all mussed up, she was nervous and excited, appeared to be frightened and refused to eat supper or candy when offered.   She had 15 cents which she had said defendant had given her.   She was questioned but disclosed nothing about the offense.   The mother testified that she questioned the girl intermittently for the next day or two without success; that on the third day another daughter stated that the little girl had told her what had happened; that the mother then questioned the girl further and that the latter then informed her of what defendant had done.   The mother was permitted to testify as to the details of that conversation.   The

girl testified fully concerning defendant's commission of the offense; that she had not told her mother of the occurrence before because she was "scared;" that defendant had told her not to tell anybody. The mother testified that the girl had told her that the defendant had threatened that if she told anybody he would get after her again and that she was afraid because of defendant's threats to her. Defendant admitted having the girl in his car, but denied commission of the offense.

Testimony concerning the girl's appearance and condition shortly after the alleged attack was admissible. *Strang* v. *People,* 24 Mich. 1; *People* v. *Hicks,* 98 Mich. 86.

Did the court err in permitting the mother to testify not only that the little girl had related the fact of the attack to her but also as to the details of the girl's statement to her?

Defendant relies on *People* v. *Hicks, supra; People* v. *White,* 194 Mich. 172; *People* v. *Place,* 226 Mich. 212; *People* v. *Rock,* 283 Mich. 171. In the *Hicks Case* this Court held the detailing of the conversation between the prosecutrix and a witness permissible, not as part of the *res gestae* but only as corroboration of prosecutrix's testimony, and that, therefore, the detailing thereof in that case was improper because it went beyond the testimony of the prosecutrix. In the *White Case* it was held that the statements of the complaining witness were made too long after the event and were, therefore, not admissible as part of the *res gestae* but only in corroboration of her testimony and, hence, the fact of her complaint, but not the details thereof, was admissible. In the *Place Case* details given by the prosecutrix to a police officer six weeks after the event were held inadmissible because they did not constitute a voluntary complaint made within a reasonable time. In the *Rock Case* it was held that testimony

concerning the complaint of a 21-year-old woman, made after repetition thereof to others "with time intervening sufficient to be a studied utterance and cumulative," was inadmissible.

The details of a complaint made shortly after the occurrence of the event are admissible as part of the *res gestae. People* v. *Harrington,* 186 Mich. 482. In *People* v. *Gage,* 62 Mich. 271 (4 Am. St. Rep. 854), the prosecutrix, a ten-year-old girl, was admonished by defendant not to tell or he would give her an awful whipping; fright induced silence and she did not tell her mother of the offense until about 3 months later. The mother was permitted to testify as to details of the girl's statement to her. This Court held the testimony admissible as part of the *res gestae,* the girl's delay in making the statement having been attributable to her tender years, defendant's threats and her consequent fright. To the same effect see *People* v. *Glover,* 71 Mich. 303; *People* v. *Bernor,* 115 Mich. 692.

In *People* v. *Baker,* 251 Mich. 322, this Court said:

"The admissibility of details of complaint, in the case of very young girls, has been permitted on a liberal extension of the *res gestae* doctrine. *People* v. *Gage,* 62 Mich. 271 (4 Am. St. Rep. 854); *People* v. *Brown,* 53 Mich. 531. The rule in this State is that where the victim is of tender years the testimony of the details of her complaint may be introduced in corroboration of her evidence, if her statement is shown to have been spontaneous and without indication of manufacture; and delay in making the complaint is excusable so far as it is caused by fear or other equally effective circumstance."

In the instant case the girl was but 7 years of age, frightened by defendant's threats and thereby deterred from telling anyone of the offense. Under such circumstances her statement to her mother, made 3 days after the event, may be treated as a

part of the *res gestae* equally as if made upon first opportunity shortly after occurrence of the offense. The mother's testimony as to details of the girl's statement to her was admissible.

Conviction affirmed.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.