73 So.2d 778

**STATE v. MILFORD.**

No. 41766.

May 31, 1954.

Warren Hunt, Rayville, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Fred Fudickar, Jr., Dist. Atty., Gilbert Brown, Jr., Asst. Dist. Atty., Monroe, for appellee.

HAMITER, Justice.

An indictment returned by the Ouachita Parish Grand Jury charged that on or about June 23, 1953 the defendant, then over seventeen years of age, did commit a lewd and lascivious act upon the person of a child under the age of seventeen years (a named boy who was six years old at that time) with the intention of arousing or gratifying his sexual desires.

By the Fourth District Court of the named parish, holding session as a juvenile court, the defendant was tried, adjudged guilty as charged, and sentenced to a term of one year in jail. This appeal followed,

and it presents for our consideration three bills of exceptions.

The first bill was taken to the overruling of a motion to quash the indictment. The motion assailed the constitutionality of Article 81 of the Louisiana Criminal Code, LSA–R.S. 14:81, on which the indictment was predicated, it reading as follows: "Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.

"Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both."

According to the brief of defense counsel bill No. 1 poses the question of " * * * whether or not the act upon which this prosecution is based, is sufficient in its terms to notify all who may fall under its provisions as to what acts constitute a violation of this law, or is the language of the act itself too general to inform one of the specific acts which are intended to be reprobated."

The identical question was determined in State v. Saibold, 213 La. 415, 34 So.2d 909 and in State v. Prejean, 216 La. 1072, 45 So.2d 627. There we held that the quoted provisions are sufficiently definite and certain and are invulnerable to attack on the ground of unconstitutionality.

During the course of the trial which took place February 5, 1954 the state offered as a witness the child upon whom the alleged lewd and lascivious act was committed and who on such date was seven years and some three months of age (his birthday is October 15). For the purpose of ascertaining his competency numerous questions were propounded by both the district attorney and defense counsel. Then the latter, at the conclusion of the examination, announced: " * * * we object to the witness being sworn or giving testimony in this case for the reason that because of his extreme youth he would be unable to observe, recollect and narrate any given state of facts."

Thereupon, the judge observed and ruled as follows: "This witness has been examined by both counsel and states he knows what it is when they swear him to tell the truth; that if he don't tell the truth that he will be punished and God would punish him and his mother would spank him. This child is of tender years and in the second grade at school and seems to the Court to be perfectly composed in the Court Room and can understand nearly all the questions propounded to him by the two attorneys. The Court feels that he qualified as a witness and should be allowed to testify in this case; taking into consideration this

is a Juvenile Court and of necessity a number of the witnesses are of tender age."

As a result of the ruling bill of exceptions No. 2 was reserved and perfected, attached to which is a per curiam reading: "This boy's testimony speaks for itself. This boy is the juvenile named in the indictment. The Court thought from his answers * * * to questions by the Dist. Atty. and the attorney for the defense that he qualified as a witness. The Court feels that his testimony shows he was well qualified."

Applicable to this bill is Article 469 of the Louisiana Code of Criminal Procedure, LSA–R.S. 15:469. It recites: "Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness."

These provisions were considered in State v. Warlick, 179 La. 997, 155 So. 460, 462. Therein, defense counsel had objected to calling, as a state witness, a girl between seven and eight years of age, the announced complaint having been that she was not capable of understanding the nature of an oath. After an examination to determine her fitness she was permitted to testify. In approving the ruling this court made reference to the above statute and said: "The testimony of this witness is in the record, and our reading of it has convinced us that the judge did not err in permitting her to testify.

*    *    *    *    *    *    *

"In cases where a child under twelve years of age is called as a witness and where the trial judge examines the witness and from such examination is convinced that the witness is competent, his ruling to that effect will not be disturbed unless the testimony brought up shows that he manifestly erred in his ruling. Great weight must be attached to the ruling of the trial judge in such cases for the reason that he has the advantage of observing the witness and the manner in which her testimony is given, which advantage is not enjoyed by the appellate court. * * *"

In the later case of State v. Parker, 181 La. 635, 160 So. 123, 124, a negro girl ten years of age (who was the prosecuting witness in the trial of that defendant on a charge of assault with intent to commit rape) had been examined, adjudged competent, and allowed to testify. In upholding the ruling of the district court we referred to Louisiana Code of Criminal Procedure Article 469; we quoted approvingly from State v. Warlick, supra; and we observed that "* * * there is nothing in the record which would justify us in taking issue with the judge of the district court, particularly since this is a matter which is left largely to the discretion of the judge a quo. We cannot say that he manifestly erred in his ruling or abused the

618

discretion the law vested in him in allowing this witness to testify, * * *."

In the instant case it is true, as defense counsel points out, that the child (near the commencement of the examination) gave a negative answer to the question "* * * do you know what you did when you held up your hand there just a minute ago?" Later he showed clearly and unmistakably, however, that he was aware of the consequences of his telling untruths. Moreover, he answered in an intelligent manner almost all of the numerous questions propounded to him. Accordingly, it would appear that even the test relied on and urged by defense counsel for determining competency has been met, it being set forth in Underhill's Criminal Evidence, Fourth Edition, Section 377, and reading in part as follows: "* * * Children who do not understand the nature or meaning of an oath are incompetent. * * * The determination of a child's competency as a witness is peculiarly within the trial court's discretion, being error only in case of gross abuse. A child must have capacity to understand questions and make intelligent answers, and have consciousness of his duty to tell the truth, before he is competent as a witness."

In any event we are unable to conclude from the testimony in the record (we have carefully studied it) that the judge manifestly erred in finding that such child had sufficient understanding to be a witness.

Bill of exceptions No. 3 was taken to the overruling of a motion for a new trial. In that motion defendant complained of the two rulings hereinabove considered and passed upon; further, he charged that there was no legal evidence adduced in proof of the commission of a lewd and lascivious act. However, during oral argument in this court his counsel conceded that the bill has no merit if our conclusion is that the child was a competent witness. As aforeshown, we have so concluded.

For the reasons assigned the conviction and sentence are affirmed.

FOURNET, C. J., and MOISE, J., absent.