301 So.2d 323 (1974)
STATE of Louisiana
v.
James PACE.
No. 54731.
Supreme Court of Louisiana.
October 11, 1974.
*324 Bernard J. Usprich, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The Grand Jury of Orleans Parish indicted James Pace for attempted aggravated rape. LSA-R.S. 14:27, 14:42. The trial jury returned a verdict of guilty. As a multiple offender, the defendant was sentenced on May 5, 1967, to a term of 40 years in the Louisiana State Penitentiary. At sentencing, defense counsel gave notice of his intention to appeal. The appeal was never perfected.
On April 17, 1972, in a habeas corpus proceeding, the trial court granted the defendant an out-of-time appeal. The defendant relies upon three bills of exceptions for a reversal of his conviction and sentence.
The facts may be briefly summarized. On January 30, 1967, Mrs. Manuel Rodriguez left her five-year-old daughter, Patricia, and three younger daughters in the care of Mrs. Pace, her neighbor and babysitter. That afternoon when Mrs. Rodriguez returned for her daughters, she was informed that Patricia had been taken to a Mardi Gras parade by one of the baby-sitter's daughters. When Patricia returned home later that evening, she appeared to have been crying. When questioned about her appearance, she told her mother and father that a man at Mrs. Pace house had hurt her with "his thing" while she was napping earlier that afternoon. She identified James Pace as the man who molested her.
When examined by her mother, her pubic region appeared irritated. Laboratory tests disclosed the presence of seminal fluid on both the defendant's trousers and the young victim's undergarment.

*325 BILL OF EXCEPTIONS NO. 1
After examination, the trial judge ruled that the victim, then six years old, had sufficient understanding to testify as a witness. The defendant reserved Bill of Exceptions No. 1 to this ruling. In this Court, defense counsel strenuously argues that the young victim lacked sufficient understanding to be a witness. LSA-R.S. 15:469 provides:
"Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness."
The trial judge examined the child in full compliance with the statutory requirement. In childlike language, she explained that she knew the difference between truth and falsehood, as well as the consequences of speaking falsely. When questioned concerning the physical aspects of the assault, she responded competently.
The trial judge is vested with wide discretion in determining competency. On appeal, his ruling is entitled to great weight, as he has had the opportunity to see and hear the child. State v. Nails, 255 La. 1070, 234 So.2d 184 (1970); State v. Milford, 225 La. 611, 73 So.2d 778 (1954); State v. William, 130 La. 280, 57 So. 927 (1912).
In State v. Milford, supra, this Court upheld a ruling that a seven-year-old child was a competent witness. In State v. Nails, supra, this Court likewise upheld a trial court ruling that a six-year-old child was competent to testify.
This Court's observation in State v. William, supra, is equally applicable here:
"Taking her answers together, we have concluded that the trial judge did not err in permitting her to testify. She has understanding enough to be a witness as to what attempts had been made on her person in connection with the charge brought against the defendant." 130 La. at 282, 57 So. at 928.
The trial judge, in our opinion, did not abuse his discretion in ruling that the young victim was competent to testify.

BILL OF EXCEPTIONS NO. 2
The defense reserved this bill of exceptions after the trial judge ruled that it was unnecessary to administer a formal oath before taking the testimony of the six-year-old victim.
Article 14 of the Louisiana Code of Criminal Procedure provides:
"A. If a person refuses to take an oath or to make a sworn statement or affidavit required in connection with any criminal proceedings, he may affirm in lieu of swearing, and his affirmation shall fulfill the requirement and shall have the same legal effect as an oath, sworn statement, or affidavit.
"B. Every witness shall be sworn or affirm to speak the truth and nothing but the truth."
A formal oath is not always required as a condition precedent to receiving the testimony of young children. Much discretion in this regard is left to the trial judge. 98 C.J.S., Witnesses, § 320 d, p. 21.
Before the child testified, the trial judge twice asked her whether or not she would tell the truth as to "what happened." In both instances, she replied affirmatively, indicating that she was conscious of her obligation to tell the truth.
In view of the clarity of the court's inquiries and the consistency of the answers, we find that the witness did affirm to speak the truth. Because of the age of the witness, the trial judge did not abuse his discretion.
*326 We conclude that the bill of exceptions is without merit.

BILL OF EXCEPTIONS NO. 3
The defense reserved the final bill of exceptions when the trial court allowed the victim's mother, Mrs. Manuel Rodriguez, to testify as to her child's rape complaint. Over objection, the Court ruled that the child's statements to her mother were admissible under the doctrine of res gestae, an exception to the hearsay rule.
In prosecutions for sex offenses, the overwhelming weight of authority is that the original complaint of the victim, especially that of a young child, is admissible in evidence. State v. Morgan, La., 296 So.2d 286 (1974); People v. Burton, 55 Cal.2d 328, 359 P.2d 433 (1961); People v. Bonneau, 323 Mich. 237, 35 N.W.2d 161 (1948); 65 Am.Jur.2d, Rape, § 76, p. 805; 2 Wharton's Criminal Evidence (Torcia, 13th ed., 1972) § 313, pp. 113-118; McCormick on Evidence (2d ed., 1972) § 297, p. 709.
The complaint is admissible under either the res gestae doctrine or as a special exception to the hearsay rule. The better rule is that the nature of the crime and the identity of the offender disclosed in the complaint is admissible testimony. People v. Burton, supra; People v. Bonneau, supra; McCormick on Evidence (2d ed., 1972) § 297, p. 709.
Because of the infancy of the victim, the precise time of the offense is unknown. The record does reflect that it occurred during the child's afternoon nap. When the child returned home in the early evening, she had her first opportunity to speak to her parents. It was then that she voiced her complaint.
As noted by the trial judge, the victim was under the influence of the 24-year-old defendant or persons closely related to him from the time of the occurrence until she returned home. Under these conditions, the time interval does not indicate fabrication. Rather, as the trial judge found, the complaint was a product of the shocking episode.
Recently, in State v. Reese, 250 La. 151, 194 So.2d 729 (1967), we stated:
"Although the courts have not found it easy to determine just when a declaration is admissible as a part of the res gestae, each case depending upon its particular circumstances, the tendency is to extend rather than narrow the scope of the introduction of evidence as a part of the res gestae, because the ultimate object of the introduction of all evidence is the ascertainment of facts as a reasonable means of ascertaining the truth."
Under the circumstances, we think the complaint was sufficiently related to the offense to form part of the res gestae. LSA-R.S. 15:447, 15:448; State v. Morgan, supra; State v. Reese, supra; State v. Hills, 241 La. 345, 129 So.2d 12 (1960); People v. Bonneau, supra; Drayton v. State, 138 Tex.Crim. 264, 135 S.W.2d 703 (1940); Soto v. Territory, 12 Ariz. 36, 94 P. 1104 (1908); Commonwealth v. Nowalk, 160 Pa.Super. 88, 50 A.2d 115 (1947); Anno: Declarant's age as affecting admissibility as res gestae, 83 ALR 2d 1368, 1378; Anno: Time element as affecting admissibility of statements by victim of sex crime as res gestae, 19 ALR 2d 579, 592-594.
We conclude that Bill of Exceptions No. 3 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs; the complaint is admissible, but it is not part of the res gestae.