332 So.2d 270 (1976)
STATE of Louisiana
v.
William Roy JOHANSON.
No. 57389.
Supreme Court of Louisiana.
May 17, 1976.
George C. Ehmig, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, & Richard J. Boutall, Research Atty., Research and Appeals Division, Metairie, for plaintiff-appellee.
*271 CALOGERO, Justice.
On May 18, 1973, while on her way to school, a ten year old Philippine girl, who at that time had been in this country for only two years, was pulled into a wooded area and raped. Subsequently defendant, William Roy Johanson, an eighteen year old deaf mute,[1] was identified by the victim as the perpetrator of the crime from a photograph display and again from a corporeal lineup. Defendant was charged with aggravated rape in violation of La.R. S. 14:42, to which he pleaded not guilty and not guilty by reason of insanity. On March 28, 1974, defendant was found guilty as charged. From this conviction and his sentence to life imprisonment defendant appeals, relying upon three assignments of error.[2]

ASSIGNMENT OF ERROR NO. 1.
During the course of trial, the state called the ten year old victim of the crime to testify as a witness. Out of the presence of the jury the trial judge questioned the child about her family, her home, her schooling and the like. Following this examination he ruled that she had sufficient understanding to be a witness and was, therefore, competent to testify. Defense counsel objected to the trial judge's ruling and this objection is the basis of assignment of error number one.
La.R.S. 15:469 provides as follows:
"Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness."
Defense counsel contends that throughout the interrogation by the trial judge and the assistant district attorney the child cried, and that, because of her age, her immaturity, and her relative lack of understanding of the English language, her responses to questions had to be prompted by the interrogator. The record contains no indication that the child could not understand the English language and, indeed, the transcript reflects that she understood and answered the questions appropriately without resort to any other language. It is true that the witness cried while on the stand and that the judge had the spectators removed from the courtroom during her testimony in an effort to make her feel more comfortable. This emotional response by a ten year old rape victim, however, was natural and does not demonstrate a lack of understanding of truth or falsehood, or of the facts of the case. Additionally, the unfamiliarity of a young rape victim with anatomical terms does not make her incompetent to testify against the perpetrator of the offense, when the facts are explained in simple or childlike language which the judge and jury can understand. State v. Pace, 301 So.2d 323 (La. 1974).
The trial judge has wide discretion in determining competency of witnesses. On appeal, his ruling is entitled to great weight, particularly in a case of this nature inasmuch as he has had the opportunity to see and hear the child. State v. Pace, supra; State v. Milford, 225 La. 611, 73 So.2d 778 (1954); State v. Warlick, 179 La. 997, 155 So. 460 (1934). Under the facts of this case, there has been no showing that the trial judge abused his *272 discretion in ruling that the ten year old rape victim had sufficient understanding to testify as a witness.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2.
This assignment of error was raised when defense counsel sought to have a psychiatrist who examined defendant testify as to whether defendant, at the time of the crime, was able to control himself and refrain from conduct which he knew was wrong. The record indicates that defendant was a deaf mute, eighteen years old at the time of the alleged offense; that he had been suspended or expelled from several schools because of "incorrigibility"; that he had molested his young sister; and that he had had several psychiatric consultations prior to the incident involved in this case.
At trial defense counsel sought to have a psychiatrist who had examined defendant testify as to whether it was possible that a person with defendant's history and background could have "reached a mental state of impulse which he was completely unable to resist at that time?" The state objected to the question; the trial court sustained the objection; and defense counsel reserved a bill of exception to the ruling. After two recesses, apparently called to allow the judge and the two attorneys to clarify the scope of permissible inquiry, the psychiatrist was allowed to answer the following question:
"Q. . . . Doctor, in your opinion could the young man have suffered such a deranged condition of mental faculty as would render him incapable of distinguishing between right and wrong, or which could have rendered him incapable of reason or exercising will?
"A. It's possible that it could have.
"Q. Thank you. Now, Doctor, you said that this result could possibly occur?
"A. Yes, sir."
The prosecutor then cross-examined the psychiatrist, in part, as follows:
"Q. And possibly, too, it might not occur; is that correct?
"A. Yes, sir. That is correct.
"Q. Alright. Let me ask it this way since you know that. Let me flat put the question to you. Did this boy know right from wrong on that day?
"A. Based on my examination I feel that he didthat's my opinion."
In brief to this Court, defendant argues that by asking the question objected to by the state, he was not attempting to present a defense of "irresistible impulse," which has been held not to be a defense under Louisiana law, State v. Bickham, 239 La. 1094, 121 So.2d 207 (1960), but was attempting to set forth a defense based on the M'Naghten's rule as he contends it was originally understood. However, regardless of the possible intention of the authors of the M'Naghten rule, see M'Naghten's Case, 1 Car. & K. 130, 10 Clark & F 200, 8 Eng.Rep. 718, 722 (1843), the rule was originally stated as follows:
"[T]o establish a defence on the ground of insanity, it must be clearly proved that, at the time of the committing of the act, the party accused was labouring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing; or if he did know it, that he did not know he was doing what was wrong."
This clearly does not include a defense based on an irresistible impulse. Furthermore, although intended as a codification of the M'Naghten rule, La.R.S. 14:14 sets forth for the courts of this state an independent and specific statutory definition of the defense of insanity:
"If the circumstances indicate that because of a mental disease or mental defect *273 the offender was incapable of distinguishing between right and wrong with reference to the conduct in question, the offender shall be exempt from criminal responsibility."
As previously stated by this Court, any modification or liberalization of this test of insanity must come from the legislature. State v. Berry, 324 So.2d 822 (La.1975); State v. Plaisance, 252 La. 212, 210 So.2d 323 (1968); State v. Bickham, 239 La. 1094, 121 So.2d 207 (1960). Thus, because the defense of insanity under current Louisiana law does not include the concept of irresistible impulse, it was not error for the trial court to exclude testimony as to whether or not defendant, at the time of the crime, was confronted with an impulse he could not resist.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 3.
By this assignment of error, defendant argues that it was error for the trial court to refuse defendant's motion for a new trial based on an allegation that the jury foreman had taken notes during trial and had referred to them during jury deliberations. At the hearing on this motion for a new trial, defense counsel attempted to call jurors to testify as to the notetaking. The state objected on the grounds that La.R.S. 15:470 makes jurors incompetent to testify concerning the misconduct of any other juror, and the objection was sustained.[3]
While article 793 of the Louisiana Code of Criminal Procedure clearly prohibits the use of notes by any juror, the impeachment of a verdict by a juror is prohibited by the terms of La.R.S. 15:470, which provides as follows:
"No juror, grand or petit, is competent to testify to his own or his fellows' misconduct, or to give evidence to explain, qualify or impeach any indictment or any verdict found by the body of which he is or was a member; but every juror, grand or petit, is a competent witness to rebut any attack upon the regularity of the conduct or of the findings of the body of which he is or was a member."
This Court has previously held that the policy of La.R.S. 15:470 prevails over that of La.Code of Criminal Procedure article 793 in this type of situation. State v. Fortenberry, 307 So.2d 296 (La.1975); State v. Ledet, 298 So.2d 761 (La.1974). As no additional independent evidence or testimony was offered to prove the alleged use of notes by the foreman, it was not error for the trial court to deny the motion for a new trial.
This assignment of error lacks merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] At trial, an interpreter-translator was present to aid and assist defendant and the court.
[2] Before the trial court defense counsel perfected seven bills of exception. However, as four of these bills were not briefed or argued before this Court they will not be considered on appeal. State v. Coleman, 322 So.2d 195 (La.1975); State v. Singleton, 321 So.2d 509 (La.1975); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
[3] As a matter of information, we note that defendant sought remedial or supervisory writs on this issue prior to sentencing. That application was denied by this Court. State v. Johanson, 294 So.2d 831 (La.1974).