337 So.2d 487 (1976)
STATE of Louisiana
v.
Roy FRANCIS.
No. 57712.
Supreme Court of Louisiana.
September 13, 1976.
*488 Lyall G. Shiell, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Roy Francis was charged by bill of information with the crime of obscenity in that he did indecently and publicly expose himself to two unmarried girls, ages seven and eight, with the intent of arousing sexual desire, in violation of La.R.S. 14:106 A(1). After trial by jury, defendant was found guilty as charged and was sentenced to serve four years at hard labor. Thereafter, the district attorney filed a bill of information under La.R.S. 15:529.1 charging him with being an habitual offender. After a hearing, the trial judge found defendant guilty of being an habitual offender, vacated the previous sentence imposed, and sentenced him to twenty years at hard labor. On appeal, defendant relies upon eight assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 2
After examination, the trial judge ruled that Jennifer, age eight, had sufficient understanding to testify as a witness. Defendant objected to this ruling. He contends that the young victim lacked sufficient understanding to be a witness. La.R.S. 15:469 provides:
Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness.
*489 The trial judge examined the child in full compliance with the statutory requirement. In response to questions asked of her, she stated that she knew what it meant to lie; that she understood the meaning of the oath when she swore to God to tell the truth; and that, if she lied, she would be punished. A review of the testimony of this witness reveals that she possessed that degree of understanding and intelligence to qualify as a competent witness. Understanding, and not age, is the test of whether any person shall be sworn as a witness. The trial judge is vested with wide discretion in determining competency, and on appeal, his ruling is entitled to great weight as he had the advantage of seeing and hearing the witness. State v. Pace, 301 So.2d 323 (La.1974); State v. Nails, 255 La. 1070, 234 So.2d 184 (1970); State v. Milford, 225 La. 611, 73 So.2d 778 (1954); State v. Parker, 181 La. 635, 160 So. 123 (1935); State v. Warlick, 179 La. 997, 155 So. 460 (1934); State v. William, 130 La. 280, 57 So. 927 (1912). We find no abuse of discretion by the trial judge in his ruling that this eight-year-old girl, one of the victims of the offense, was competent to testify. This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 3, 4, 5, 6 AND 9
Defendant contends that the trial judge erred in permitting the prosecutor to propound certain leading questions to the victims of this offense, both of whom were eight years old at the time of trial.
A leading question, one which suggests to the witness the answer he is to deliver, is ordinarily prohibited when propounded to one's own witness, unless such such witness be unwilling or hostile. La.R.S. 15:277. The reason for this is the danger that a witness may acquiesce in a false suggestion. However, exceptions to this general rule are recognized:
. . . Thus, the judge, when need appears, will ordinarily permit leading questions to children, or to witnesses so ignorant, timid, weak-minded, or deficient in the English language, that they cannot otherwise be brought to understand what information is sought. It is recognized, especially as to children, that in these cases the danger of false suggestion is at its highest, but it is better to face that danger than to abandon altogether the effort to bring out what the witness knows. . . .
McCormick, Evidence, sec. 6 at page 10 (Cleary, 2d ed. 1972).
In State v. Williams, 143 La. 424, 78 So. 662 (1918), this court held that it would not be objectionable to ask leading questions of the twelve-year-old victim of a rape. We stated:
. . . [T]he rule forbidding leading questions is not so rigid that it should not yield somewhat to the discretion of the trial judge in the examination of a very young or timid witness.
Furthermore, notwithstanding the general rule against leading questions, the matter is largely within the discretion of the trial court and in absence of palpable abuse of that discretion resulting in prejudice to the accused, a finding of reversible error is not warranted. State v. Fallon, 290 So.2d 273 (La.1974); State v. Hollingsworth, 160 La. 26, 106 So. 662 (1925).
The first question objected to as leading was:
Jennifer, I want you to think back to August the seventh, 1973, towards the end of last summer, about six o'clock one evening
After defense counsel's objection was overruled, the witness did not answer the question. The prosecutor did not pursue the matter. Moreover, the question was directed at a preliminary matter (date and time of the offense) which was not in serious dispute. No prejudice resulted from this ruling.
The second question to which objection was made arose as follows:
Q. Where were ya'll riding your bicycles?
A. I don't remember.
Q. Were you riding in Audubon Park?
A. No. *490 Since the answer was "[n]o," defendant was not prejudiced by the question. Moreover, the question was addressed to a preliminary matter (location of the offense) which was not in serious dispute. Also, since the witness was a child of tender years and her memory had been exhausted, a leading question was not improper.
The next question which drew an objection on the ground that it was leading was:
Was his pantshow were his pants? The objection to this question was sustained by the trial judge. The witness did not answer the question, and the prosecutor then turned to an entirely different line of questioning. Hence, defendant's argument is without substance.
The fourth objection to the leading nature of the question arose during the following colloquy:
Q. Did you notice anything particular about the car that stands out in your mind?
A. No.
Q. Was there any markings on the car?
MR. SHIELL:
Objection.
THE WITNESS:
Yea[h]; it had
Although defense counsel's objection was overruled, the witness never completed her answer. The prosecutor did not pursue this line of questioning. Moreover, the child was having difficulty remembering the details. While the question was arguably leading, it did not suggest the nature of the markings and it seems that the witness was prepared to supply the information from her own memory after the initial prodding. No prejudice resulted from this ruling.
The final question objected to as leading was:
Q. Susan, is this the same man that asked to suck and touch his penis, that you were talking about?
MR. SHIELL:
I object.
A. Yes.
The witness had previously testified that the offender had told her to "[t]ouch this and suck this," and when questioned about what he was talking about, she responded "[h]is penis." She had also previously made a positive identification of defendant. It was at this time that the prosecutor asked the above quoted question. In view of the witness' prior testimony and the fact that she was only eight years old, we cannot say that the trial judge committed reversible error in overruling defendant's objection.
We do not find that the trial judge abused his discretion in the above rulings. No prejudice resulted therefrom. Accordingly, these assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 7 AND 8
Defendant contends that the trial judge erred in permitting the state to recall Jennifer to the stand. He claims that her subsequent testimony was simply a reiteration of her previous testimony.
After this witness was examined by the state, she was tendered for cross-examination. The defense declined cross-examination. The court recessed for lunch and, upon its return, the state indicated that it had a few more questions to ask Jennifer. Without objection at this time from defendant, the court allowed the witness to return to the stand. After the first question was answered, objection was made that this was a reiteration of the witness' testimony and should not be allowed. The objection was overruled.
On her original examination by the state, Jennifer testified that the offender had asked her to "[s]uck this" and when questioned as to what he was talking about, she replied "[t]he thing." Moreover, Jennifer did not identify defendant as the offender at this time. When she was recalled to the stand, she named his sexual organ (penis) as the "thing" she had previously testified was exposed to her on the day in question. Also, on re-examination, she identified defendant as the perpetrator of the offense. Defense counsel was allowed full cross-examination *491 after the state asked the additional questions.
The witness' testimony when recalled was not a reiteration of her previous testimony. Rather, it only clarified that to which she had testified on her original examination. Moreover, similar testimony had been given by the other victim. Under the circumstances, we do not find that the trial judge abused his discretion in permitting the witness to be recalled to the stand. These assignments of error are without merit.

DECREE
For the reason assigned, the conviction and sentence are affirmed.
NOTES
[1] Assignments of Error Nos. 1 and 10 were specifically abandoned in brief.