342 So.2d 170 (1977)
STATE of Louisiana
v.
Shedrick NOBLE.
No. 58461.
Supreme Court of Louisiana.
January 24, 1977.
*171 Peter J. Compagno, George M. Leppert, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist., Atty., for plaintiff-appellee.
MARCUS, Justice.
Shedrick Noble was indicted by the grand jury for the Parish of Orleans for committing aggravated rape in violation of La.R.S. 14:42. After trial by jury, he was found guilty as charged and sentenced to death. On appeal, defendant relies on six assignments of error for reversal of his conviction and sentence.[1]
The record reflects the following facts. On Easter Sunday, April 14, 1974 at about 5:00 p.m., Mrs. Arlene Craig left her home to go to a neighborhood drugstore leaving her two daughters, Cortina aged two, and Tyra, aged four, at home with the defendant Shedrick Noble. Noble was not related to the family by blood or marriage but had been living with Mrs. Craig for several months. Mrs. Craig testified that, when she returned from the drugstore approximately forty minutes later, defendant was standing by the bathroom shower and that bed linens which he had just washed were hanging over the bathroom door. She further stated that Tyra was unusually quiet and subdued.
Two days later, Tyra's great-grandmother, who was keeping her for a few hours while Mrs. Craig did some errands, discovered that Tyra was bleeding profusely from the genital area. After contacting Mrs. Craig, Tyra was rushed to Charity Hospital where she was examined by the Assistant Coroner, Dr. George L. Bailey, who testified that the child's vagina had been entered by some object too large for it to accommodate, resulting in severe third-degree tissue tears. After questioning by her grandmother at the hospital, Tyra admitted that the defendant Shedrick Noble had raped her.
At trial, the child was at first reluctant to recount the specific details of the rape. After a brief fifteen-minute recess, however, she related how defendant had raped her and then washed both of them off as well as a spread which had been bloodied during the incident.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Defendant contends the trial judge erred in holding that Tyra, age five at the time of trial, was competent to testify. He argues that the young rape victim lacked sufficient understanding to be a witness (Assignment of Error No. 2). Defendant further assigns as error the ruling of the trial judge denying his motion for a mistrial wherein he reurged the issue of Tyra's competency and complained of the delay caused by a brief recess granted during the child's testimony (Assignment of Error No. 3).
La.R.S. 15:469 provides:

*172 Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness.
The trial judge examined the child in full compliance with the statutory requirement. Tyra stated clearly that she believed in God and knew that she should always tell the truth. Furthermore, her responses to the trial judge's questions concerning her name and address, the school where she attended kindergarten, her mother's absence at the time of the rape, and the events just prior thereto all demonstrated understanding and intelligence. Although the child was at first unresponsive to questions concerning the physical aspects of the crime, she explained the rape after a brief recess with clarity and perception suitable to her tender age.
This court has consistently held that the trial judge is vested with wide discretion in determining competency. On appeal, his ruling is entitled to great weight as he has had the advantage of seeing and hearing the child. State v. Francis, 337 So.2d 487 (La.1976); State v. Johanson, 332 So.2d 270 (La.1976); State v. Pace, 301 So.2d 323 (La.1974). We find no abuse of discretion by the trial judge in his ruling that this five-year-old girl, the victim of the crime, was competent to testify.
After Tyra had been on the witness stand for approximately ten minutes and had already testified that the defendant had called her to his bed and removed her underwear, the state asked the child to recount the specific details of the rape. At this point, the little girl began crying and was unresponsive to the repeated question, "what happened when Shag pulled your underwear down?" At the suggestion of the district attorney, Tyra indicated that she would like to rest for a minute, whereupon, the trial judge granted a short recess so that the child could regain her composure. When Tyra again took the witness stand, defense counsel moved for a mistrial contending again that the witness was incompetent to testify and alleging that the delay in her testimony was inflammatory. The trial judge denied defendant's motion for a mistrial, pointing out that the recess had been extremely brief and that the child had become unresponsive only when questioned about the physical details of the crime, which, in view of the nature of the crime and the age of the victim, was understandable. We find no abuse of discretion in this ruling of the trial judge.
Defendant contends for the first time in brief that Tyra's testimony was coached during the recess granted while she was on the stand. This claim is not properly before us for review; new grounds for an objection cannot be raised for the first time on appeal. La.Code Crim.P. art. 841; State v. Marks & Jones, 337 So.2d 1177 (La.1976); State v. Powell, 325 So.2d 791 (La.1976). In any event, there is no evidence in the record to substantiate defendant's assertion.
Assignments of Error Nos. 2 and 3 are without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in allowing the victim's grandmother to recount statements by the child concerning the rape two days after its occurrence while she was being treated at Charity Hospital. Defendant argues that this testimony constituted inadmissible hearsay inasmuch as the statements of the victim were too far removed from the event to be considered admissible under the res gestae exception to the hearsay rule.
La.R.S. 15:447 provides that res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. A statement made fully two days after an event cannot ordinarily be considered to have been made under its immediate pressure. *173 We have recognized, however, that in prosecutions for sex offense, the better rule is that the original complaint of a young child is admissible when the particular facts and circumstances of the case indicate that it was a product of the shocking episode and not a fabrication. State v. Pace, 301 So.2d 323 (La.1974).
In the instant case, four-year-old Tyra was rushed to Charity Hospital because she was bleeding profusely from the genital area. The assistant coroner testified that the child's vagina "had been ripped apart all the way down to the wall of the rectum beneath it." Tyra's mother testified that there were many people in the room during the examination conducted by the coroner and the treating physician and that numerous police photographs were taken of the child's injury at this time. Mrs. Johnson, the child's grandmother, testified that when she arrived at the hospital the little girl was screaming and hysterical. She attempted to comfort the child while staff members held her down so that a urine sample could be obtained. Mrs. Johnson testified that she has an especially close relationship with Tyra and that, while the child was waiting to be formally admitted into the hospital, she assured her that she need not be afraid and asked Tyra to relate what had happened. Tyra thereafter admitted that the defendant, whom she referred to as "Shag," had "touched her down there." The record substantiates the determination of the trial judge that this report was the first complaint of the child concerning the rape. The record further reveals that it was made at a time when the child was extremely upset and hysterical and at the four-year-old child's first opportunity to discuss the crime with a person whom she loved and trusted outside the atmosphere of her home where the accused had been living with her mother for several months.
We are satisfied that the report related by Tyra's grandmother constituted the original complaint of the victim and that it was made at the first reasonable opportunity under the particular facts and circumstances of this case. Accordingly, the trial judge did not err in allowing the child's grandmother to relate Tyra's statements concerning the nature of the crime and the identity of the offender.
Assignment of Error No. 4 is without merit.
Defendant contends for the first time in brief that the trial court erred in denying his motion for a new trial, reurging the same errors which we have previously determined to be without merit. Inasmuch as nothing further has been presented for our review, we are unable to find error in the trial judge's ruling denying defendant's motion for a new trial.
After defendant was sentenced in this matter, the United States Supreme Court in Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976) held unconstitutional Louisiana's mandatory death sentence for aggravated rape. In accordance with this decision, this court has vacated death sentences in aggravated rape cases but, when no other reversible error has been found, we have remanded the cases to the trial court for resentencing of defendants to the most serious lesser included offense at the time of the commission of the crime. State v. Craig, 340 So.2d 191 (La.1976); State v. Lee, 340 So.2d 180 (La.1976). In the instant case, the crime was committed on April 14, 1974. The next lesser included offense at that time was simple rape carrying a maximum penalty of twenty years. Accordingly, even though we affirm the conviction, we vacate and set aside the imposition of the death penalty and remand the case to the trial court for resentencing.

DECREE
For the reasons assigned, the conviction is affirmed and the case is remanded for resentencing of the defendant.
NOTES
[1] Assignments of Error Nos. 1, 5 and 6 have neither been briefed nor argued to this court. Hence, we consider them to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).