■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY RANUM, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Owen, J.), rendered May 10, 1985, convicting him of sexual abuse in the first degree (three counts), and endangering the welfare of a child (three counts), after a nonjury trial, and imposing sentence.

Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered.

The conviction rests solely upon the testimony of an 11-year-old boy (10 years old at the times of the alleged crimes) who claims to have been sexually abused by the defendant on six separate occasions on three separate days. These incidents allegedly occurred at the school where the defendant was employed as a teacher of learning-disabled students. The defendant, who had earned a doctorate and had 10 years of teaching experience, testified at trial and denied the accusations. A number of the defendant's colleagues testified that the complaining witness was dishonest, disruptive and had a poor reputation for veracity.

The court, in its decision from the Bench after trial, stated that it discredited the testimony of the defendant to the extent that it conflicted with that of the complaining witness. The court thereupon found the defendant guilty of three counts of sexual abuse in the first degree as well as three counts of endangering the welfare of a child. For reasons not clear from its decision, however, the court also acquitted the defendant of three other counts of sexual abuse in the first degree. This appeal followed.

We find that the court erred in allowing the complaining witness, as well as another prosecution witness under the age of 12, to give testimony under oath, in that there was an inadequate foundation for permitting such sworn testimony.

Witnesses under the age of 12 are presumptively incompetent to testify in criminal cases. CPL 60.20 (2), (3) provide as follows:

"2. Every witness more than twelve years old may testify only under oath unless the court is satisfied that such witness cannot, as a result of mental disease or defect, understand the nature of an oath. *A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath.* If the court is not so satisfied, such child or such witness over twelve years old who cannot, as a result of mental disease or defect, understand the nature of an oath may nevertheless be permitted to give unsworn evidence if the court is satisfied that the witness possesses sufficient intelligence and capacity to justify the reception thereof.

"3. *A defendant may not be convicted of an offense solely upon unsworn evidence given pursuant to subdivision two"* (emphasis supplied).

It is improper to allow such a witness to give sworn testimony unless the witness not only has the intelligence to justify the reception of his or her testimony, but also "knows, understands and appreciates the nature of an oath" *(People v Nisoff,* 36 NY2d 560, 566). "The witness must, at a minimum, have 'some conception' of the obligations of an oath and the consequences of giving false testimony" *(People v Parks,* 41 NY2d 36, 46, quoting from *People v Washor,* 196 NY 104, 109; *see also, People v Smith,* 104 AD2d 160). The voir dire conducted by the court in this case failed to demonstrate that the two child witnesses understood, or had any conception of, the obligations of an oath.

With regard to the swearing of the complaining witness, whose testimony was crucial to the defendant's conviction, the court never mentioned the word "oath" and did not define the meaning of the word "oath". Indeed, having asked a number of appropriate background questions, the only relevant questions to the infant complainant as to the "truth" were leading questions responded to by perfunctory answers, or by paraphrasing the court's own words.

It is clear that, in the course of the preoath examination, the court failed to elicit any evidence that this child witness understood the consequences of giving false testimony under oath. There is no demonstration that the witness knew that perjury could result in criminal sanctions, or believed that there was a special moral duty to tell the truth while under

oath. In short, there is no demonstration in this record that the key witness for the prosecution understood the nature of an oath.

The court conducted a similar voir dire relying on leading questions and perfunctory answers prior to the swearing in of another 11-year-old witness.

Although the trial attorney for the defendant expressed no dissatisfaction with the court's voir dire and did not object to the swearing of these witnesses, thus precluding appellate review as a matter of law (see, People v Johnson, 185 NY 219, 228), we are persuaded that, in light of the weakness of the prosecution's case, review of all prejudicial errors is warranted in the interest of justice (see, e.g., People v McCann, 90 AD2d 554).

Furthermore, in order that the retrial of the defendant be as error-free as possible, we find it necessary to comment on an evidentiary aspect of this case. Specifically, our review of the record reveals that two witnesses, a neighbor of the complaining witness, and the grandmother of the complaining witness, were permitted to testify over specific objection as to what the complaining witness told them about the alleged molestations committed by the defendant. This was error. These witnesses may testify only to the effect that the victim made a complaint, but they may not testify as to what the victim told them concerning the details of the alleged incidents (see, Baccio v People, 41 NY 265; People v Gomez, 112 AD2d 445; People v Derrick, 96 AD2d 600; People v Vicaretti, 54 AD2d 236; Fisch, New York Evidence § 494 [2d ed]). In this regard, we note that the rule of evidence which allows reception of testimony that the victim of a sex crime made a prompt complaint to a friend or relative, which has traditionally been applied in rape cases (Richardson, Evidence § 292 [Prince 10th ed]) has, in a number of jurisdictions, been applied to cases of sexual abuse as well (see, e.g., Commonwealth v Brenner, 18 Mass App 930, 465 NE2d 1229; State v Balles, 47 NJ 331, 221 A2d 1, cert denied and appeal dismissed 388 US 461; People v Burton, 55 Cal 2d 328, 359 P2d 433; People v Bonneau, 323 Mich 237, 35 NW2d 161).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.