428 So.2d 544 (1983)
STATE of Louisiana
v.
Amos BANKS.
No. KA-0147.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
Writ Granted May 13, 1983.
*545 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John H. Craft, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Ronald Smith, Student Practitioner, Calvin Johnson, Supervising Atty., New Orleans, for defendant-appellant.
Before BARRY, AUGUSTINE, and KLEES, JJ.
AUGUSTINE, Judge.
Amos Banks was convicted by a jury of twelve for possession of heroin and was later sentenced to five years at hard labor. By this appeal, Banks challenges his conviction on the basis of two errors committed during the trial of his case.
The background facts are these:
According to testimony adduced at trial, on the evening of March 5, 1982, Officer Lee Peyton of the New Orleans Police Department received a telephone call from a confidential informant who stated that a subject known as Amos Banks was presently at the intersection of Thalia and South Rampart Streets, and that Banks' purpose there was to obtain heroin from an out-of-state distributor. The informant described Banks as wearing a bandana covered by a navy blue watch cap. Shortly after speaking to the informant, Officer Peyton and two other plainclothes policemen went to the intersection of Thalia and Saratoga Streets to establish surveillance in an unmarked police car. When they arrived, the officers observed the described subject walking in their general direction, and seeing this, all three policemen got out of the police car and approached him. As their distance closed, Amos Banks apparently recognized the three as policemen, for he pulled a small package from his right pocket and dropped it to the ground. Officer William Corales saw the throw-down, and knowing the subject to be the described Amos Banks, he retrieved the abandoned package. Officer Peyton, meanwhile, arrested Banks with the assistance of Officer Calvin Wilson. The contents of the package were later tested by a New Orleans Police Department chemist and were proven to be heroin.
At trial, the chief evidence against Banks consisted of the testimony of the three officers, each of whom stated that the defendant dropped the package which later proved to contain heroin. Banks' defense relied solely upon the testimony of a friend, Cheryl Gooden, who stated that the package had not been thrown down by Banks, but by an unknown man who was walking only a few feet in front of Banks as the police approached.
Banks' challenge to his conviction is based upon the trial court's allowing Officer Peyton to relate to the jury the gist of his conversation with the confidential informant, that is, that Amos Banks was then at the intersection of Thalia and South Rampart, about to obtain approximately ten bags of heroin from a dealer from New York.
*546 Appellant contends that the officer's testimony is objectionable as hearsay and that the error in allowing its admission is of constitutional magnitude because it deprived the defendant of his Sixth Amendment right to confront witnesses. Appellant cites State v. Murphy 309 So.2d 134 (La.1975) and State v. Thompson, 331 So.2d 848 (La.1976) for the proposition that to permit an officer to relate an informant's hearsay statements requires automatic reversal, at least in those instances where the statement directly implicates the defendant in the commission of a crime.
We agree with appellant that the trial court erred in permitting Officer Peyton to testify as he did. Hearsay is inadmissible except under recognized exceptions. La.R.S. 15:434. Hearsay is defined as "testimony in court ... of a statement made out of court, the statement being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out of court asserter." State v. Martin, 356 So.2d 1370, 1376 (La.1978); McCormick, Evidence, § 246 (Cleary ed. 1972). Given that the only relevant purpose of Officer Peyton's testimony was to tie Banks to the crime alleged against him, possession of heroin, it must be admitted that the informant's statement was offered for the truth of the matters asserted in the informant's declaration. It is therefore hearsay, and we recognize no exception which would permit its admission into evidence at trial.[1]
We also recognize that the hearsay involved in this case operated to deprive Banks of his right to confront the informant whose words implicated appellant before the police officers and before the jury. The denial of this constitutional right presents an occasion for serious inquiry as to whether such hearsay may be rightly regarded as "harmless."
In State v. Gibson, 391 So.2d 421 (La.1981) the Supreme Court of Louisiana adopted the "harmless error" test first announced in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Application of that standard requires the reviewing court to focus on the erroneously admitted evidence to determine whether there is a reasonable possibility that the error complained of contributed to the verdict obtained. The burden is on the prosecution to demonstrate that, beyond a reasonable doubt, the error did not contribute to the finding of guilt.[2]
Since Gibson, however, several decisions have recognized a second device for weighing the effect of erroneously admitted evidence.
Those cases hold that where erroneously admitted evidence is merely "cumulative" with that which was properly admitted at trial, a reviewing court will be warranted in finding the tainted evidence harmless beyond a reasonable doubt. See State v. Lindsey, 404 So.2d 466 (La.1981); State v. Darby, 403 So.2d 44 (La.1981); State v. Spell, 399 So.2d 551 (La.1981); State v. Bodley, 394 So.2d 584 (La.1981). One piece of evidence can be said to be cumulative with another if there is substantial similarity between them with respect to the type of evidence and the incriminating factual details. It has been suggested, in addition, that the untainted evidence should be more *547 probative than the tainted evidence and that the untainted evidence should be "undisputable". By "undisputable", it is meant that the factfinder must necessarily have believed the untainted evidence. See Field, Assessing the Harmlessness of Federal Constitutional ErrorA process in Need of a Rationale, 125 U.Pa.L.Rev. 15 (1976).
Applying these principles, we find that the State's use of the informant's statement constituted "harmless error". First, the tainted hearsay testimony was substantially the same as other testimony which was properly admittedthe informant's statement served to prove only one fact, i.e. that Amos Banks would shortly be in possession of heroin. That same fact was also established by the admissible testimony of Officers Peyton, Corales and Wilson. Second, that part of the officers' non-hearsay testimony which placed Banks in possession of the heroin was necessarily more probative than the tainted testimony because it was based upon their own direct observation.
Finally, it is self-evident that the jury in fact believed the officers when they stated that they observed Banks drop the heroin. To conclude otherwise would require the hypothesis that the jury convicted Banks because it believed the informant, but not the officers. But the jury's belief in the very existence of the informant presupposes its belief in the officers' testimony concerning him.

CONCLUSION
Considering the foregoing, although it was error to allow Officer Peyton to testify as to the informant's out-of-court statements, his testimony was merely cumulative with other admissible evidence. We are therefore convinced that the error was harmless beyond a reasonable doubt.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Such statements are admissible, of course, at the hearing of a motion to suppress evidence, where the statement would not be offered to prove the truth of the matter asserted, but to prove whether there existed probable cause for arrest in which case the officer's state of mind is a highly relevant matter. State v. Bazile, 386 So.2d 349 (La.1980).
[2] In Gibson, supra, the Court forcefully and explicitly rejected the "overwhelming evidence" test, the analytical opposite of the Chapman standard. Although several cases since then have nevertheless applied the "overwhelming evidence" test, none has expressly rescinded Gibson, and acknowledging the recency of that decision, we are bound to follow its dictate. Examples of occasional application of the "overwhelming evidence" test can be found in State v. Quimby, 419 So.2d 951 (La. 1982) at 958; State v. Moore, 414 So.2d 340 (La.1982) at 347; State v. Smith, 408 So.2d 1110 (La.1982) at 1112; State v. Perry, 408 So.2d 1358 (La.1982) at 1362; State v. Connor, 403 So.2d 678 (La.1981) at 680; State v. Smith, 401 So.2d 1179 (La.1981) at 1180.