439 So.2d 407 (1983)
STATE of Louisiana
v.
Amos BANKS.
No. 83-K-0745.
Supreme Court of Louisiana.
October 17, 1983.
*408 Ron Smith, Shreveport, Bruce J. Toppin, Student Practitioner, Calvin Johnson, Supervising Atty., New Orleans, Loyola Law School Clinic, for applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John Craft, Asst. Dist. Atty., for respondent.
DIXON, Chief Justice.[*]
Defendant was charged by bill of information with possession of heroin in violation of R.S. 40:966. A twelve member jury convicted him, whereupon a second bill was introduced charging him as a second offender, R.S. 15:529.1. The court, finding that defendant was a multiple offender, sentenced him to five years at hard labor. The Court of Appeal affirmed both the conviction and the sentence. State v. Banks, 428 So.2d 544 (La.App.1983).
We granted writs to examine defendant's complaint that hearsay evidence erroneously admitted had violated defendant's constitutional right to confront witnesses against him. The contentions are meritorious, the conviction is reversed, and the case is remanded for a new trial.
Officer Lee Peyton was the arresting officer, and the state's first witness. He testified that he received a phone call from a confidential informant on the night of defendant's arrest, and that the informant had provided him with reliable information in past narcotics-related investigations. Over defense counsel's objections, Officer Peyton was allowed to testify as to the content of his telephone conversation with the informant.
Peyton testified that the informant told him that defendant was standing on a particular street corner in New Orleans waiting to make a purchase of ten bags of heroin from a New York dealer. After the purchase, according to the informant, defendant then would return to a nearby housing project. Officer Peyton testified that he was told that defendant would be easy to recognize since he would be wearing a bandana covered by a navy blue watch cap.
*409 Continuing his testimony, Officer Peyton stated that, after his conversation with the informant ended, he and two other police officersCorales and Wilsonwent to the street corner in an unmarked police vehicle. They spotted defendant, and, as he began walking toward the project, the police officers approached him. When they were about fifteen or twenty feet away, defendant reached into his pocket, turned, took a plastic envelope from his pocket, dropped the packet, paused momentarily, and then continued walking. At that point, Officer Peyton identified himself as a police officer and arrested him, and Officer Corales recovered the discarded item. Later testing proved the package to contain ten small bags of heroin.
Officers Corales and Wilson followed Peyton to the stand. They confirmed that Peyton had received a telephone call from an informant, and that the facts concerning the stake out and the arrest were as Officer Peyton had testified. None of the officers said that they actually saw a drug transaction, but they did state that they saw defendant toss the packet to the ground.
There also was testimony from Cheryl Gooden, a friend of defendant. She testified that, at the time of the arrest, defendant's hands were full: he had a coat draped over his right arm, a drink in his right hand, and a plate of food in his left hand. She further testified that there was another man walking in front of defendant. She said that she could not see defendant drop the packet to the ground because his hands were occupied, but stated that it was possible that the man walking in front of defendant could have dropped something.
Defendant continually objected to the admission of the hearsay concerning the content of the informant's telephone conversation. He argues that the conversation was admitted solely for the purpose of proving that defendant had possession of heroin. Both the state and the court of appeal acknowledge that the testimony concerning the conversation was inadmissible hearsay. R.S. 15:434; State v. Banks, supra at 546. The court of appeal further acknowledged that the defendant had been denied his constitutional right to confront witnesses. Id. These findings by the court of appeal were correct. However, the court misinterpreted and misapplied the relevant jurisprudential tests when it determined that the error of the trial court was "harmless."
The appropriate standard of review to be applied in determining the effect of the improper admission of evidence is whether "`the court [can] ... declare a belief that [the error] was harmless beyond a reasonable doubt.'" State v. Gibson, 391 So.2d 421, 428 (La.1980), quoting and adopting Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). The court must be able to determine, beyond a reasonable doubt, that the improperly admitted hearsay did not contribute to the verdict.
The court of appeal, while recognizing the Gibson test, refused to apply it. Instead, the court held that the "tainted" evidence could be found harmless beyond a reasonable doubt when it was "cumulative" with the properly introduced evidence. "Cumulative" was defined by the court as evidence having "substantial similarity ... with respect to the type of evidence and the incriminating factual details." State v. Banks, supra at 546. The court relied on four cases in support of its "cumulative exception" to Gibson. The "cumulative exception," as tenuous as it is, is improperly applied in this case. If the cases cited had been applied properly, the conclusion reached would differ from the court of appeal's opinion.
In State v. Lindsey, 404 So.2d 466, 479 (La.1981), "[t]he hearsay nature of the testimony was cured by the testimony of [the witness] which corroborated the hearsay statements." The corroboration involved personal knowledge testimony by the out-of-court speaker, confirming his own hearsay which had been presented by another witness. Here, the informer never iterated his own hearsay while under oath.
In State v. Darby, 403 So.2d 44, 48 (La. 1981), there was a technical hearsay admission *410 when a witness testified that the defendant told her that he had been in a fight. That was cured, as in State v. Lindsey, supra, by the defendant's confession of participation in the fight. Here, there is no such confession of any fact. Furthermore, because there is contradictory testimony by Ms. Gooden, and because the informant's story corroborated the officers' version of the facts, the admission of the hearsay could have tipped the scales of credibility in favor of the officers.
In State v. Spell, 399 So.2d 551, 556 (La. 1981), all of the hearsay evidence to which the witnesses testified was already before the jury.[1] The effect of the evidence had already occurred, and the hearsay testimony was redundant. Here, the hearsay was the very first evidence that the state put on, and probably was of a lasting impression on the factfinder.
Finally, in State v. Bodley, 394 So.2d 584 (La.1981), certain out of court statements made by defendant were admitted. The only objection, though, was to the failure of the state to provide notice of its intent to use the statements. No hearsay objection was raised.
Thus, none of the cases cited by the court of appeal are relevant to the present case. In all of those in which the hearsay objection was raised, there was other evidence of the truth of the out of court statements; either the speaker was present for cross-examination, or there was independent evidence which confirmed the hearsay.
Here, however, such is not the case. The credibility of the informer was unchallenged; the informer's statement that defendant would be on a certain corner to buy ten bags of heroin from a New York dealer was the only information to that effect in the entire case, and was not "cumulative."
The hearsay information injected into the case by the officer cannot be harmless. It explained why the police were where they were, why they were on the lookout for defendant, and why they approached him as soon as he was identified, wearing the clothes described by the informer. Without the forbidden hearsay, the jury might have had considerably more difficulty rejecting the testimony of the defense witness Gooden. It cannot be said, beyond a reasonable doubt, that the improperly admitted hearsay, which violated R.S. 15:434, United States Constitution, Amendment 6 and Louisiana Constitution, Article I, § 16, did not contribute to the verdict.
The defendant's conviction and sentence are reversed, and the case is remanded to the district court for a new trial.
LEMMON, J., concurs.
WATSON, J., dissents.
NOTES
[*] Bailes, J. sitting for Justice Marcus.
[1] The evidence which purportedly was already before the Spell jury was, itself, hearsay testimony, but was admitted without objection. The state's earlier witness testified that, while at the Dixon Correctional Institute, defendant told him of his homosexual relationship with the victim. The hearsay, of which defendant complained, came from the testimony of the victim's sister, who testified that the victim earlier told her of the relationship.