ORDER
Writ granted. We reverse the Trial Judge’s ruling. We believe the testimony of the officers and the evidence seized is admissible. We distinguish this case from State v. Banks, 439 So.2d 407 (La.1983). We believe the Trial Judge erroneously construed Banks to mean that all evidence of probable cause to make an arrest must be excluded. We interpret Banks to mean that the hearsay evidence that established probable cause, to-wit, the unsworn statement of a confidential informant, is inadmissible because the informant cannot be confronted or cross-examined. In the instant case, the officers ob *778 served a hand to hand sale, there was probable canse to arrest both the purchaser and the seller, and the testimony of what the officers observed and the evidence seized after the arrest of both the purchasers and the seller is admissible. Hearsay statements are inadmissible, but testimony that a witness present in court gives, as to what he observed or as to what he seized is admissible. There is no denial of a right of confrontation or the right to cross-examine in the instant case.
Additionally, La.C.Cr.P. art. 703(F) provides in pertinent part: “... Failure to file a motion to suppress evidence in accordance with this Article prevents the defendant from objecting to its admissibility at the trial on the merits on a ground asserta-ble by a motion to suppress.”
Defendant is not obligated to accept at face value assertions by the State that a motion to suppress will not lie.