450 So.2d 684 (1984)
STATE of Louisiana
v.
Carey ANDERSON.
No. KA 0845.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
Writ Denied June 25, 1984.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Before SCHOTT, BYRNES and WARD, JJ.
SCHOTT, Judge.
Defendant was convicted of aggravated rape of a nine year old girl in violation of LSA-R.S. 14:42 and sentenced to mandatory life imprisonment.
On July 4, 1981, Mrs. Barbara Smith, a social worker for the office of Human Development, placed the child and her two brothers in foster care because defendant who was living with the children and their *685 mother called the office of Human Development to have the children taken into state custody because their mother had not returned home for two days. Two days after she picked the children up and placed them in the foster home Mrs. Smith called the child "to see how the situation was going" and the child told her "that just a couple of days before placement" defendant raped her. Mrs. Smith reported this to the Child Abuse Unit which conducted an investigation beginning in November, 1981, and leading to defendant's arrest in December.
Defendant's lone assignment of error is that Mrs. Smith's testimony of the child's statement was inadmissible hearsay. The state argues admissibility on the basis of State v. Prestridge, 399 So.2d 564 (La. 1981); State v. Adams, 394 So.2d 1204 (La.1981); State v. Noble, 342 So.2d 170 (La.1977); and State v. Pace, 301 So.2d 323 (La.1974).
In all of these cases the court recognized that the testimony of a third person of statements made by a victim is generally inadmissible as hearsay under LSA-R.S. 15:434 but may be admissible under the res gestae exception of R.S. 15:447. This exception applies to "events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants and not the words of the participants when narrating the events." Thus, the res gestae exception does not usually extend to statements made some time after the occurrence of the events. However, in the cited cases the court applied the exception to the original complaint of a child when the facts indicate that it was the product of a shocking episode and not a fabrication, and when the statement was made at the first reasonable opportunity available to the child to speak to someone she trusted.
In Prestridge the statement of a ten year old girl child to a babysitter was held admissible where the child was raped at 1 AM in the morning by her mother's boy friend, apparently in the mother's presence, the child then went to her own bed crying and hysterical, and upon waking up at 9 AM the next morning and being questioned by the babysitter (who had observed the child's condition when she went to bed) as to what happened the child made the statement. In Adams a five year old girl's statement to a neighbor made eight to ten hours after she was raped but shortly after she was out of the defendant's presence, but while still frightened and upset, was deemed admissible. And in Pace a five year old child was raped in the afternoon by the defendant who was babysitting for her. That evening when she returned home she appeared to be crying and she told her mother what happened. The mother's testimony of the child's statement was held admissible.
Each of these cases is clearly distinguishable from the instant case. The time lapse was a matter of hours, in Adams and Pace, each victim was still visibly upset when the statement was made, and in Prestridge the child went to bed and made her statement immediately upon awakening. The strongest case from the state's point of view is Noble where the time lapse between the crime and the statement was two days, but that case is likewise distinguishable from the present case. There a four year old girl was raped by her mother's live in boy friend while the mother was on a short errand away from home. Upon her return the mother noticed that the child was unusually quiet and subdued. Two days later the child's great grandmother who was keeping her while the mother was doing some errands discovered that the child was bleeding profusely from the genital area. The great grandmother had the child rushed to the hospital and while they were waiting for the child to be formally admitted the child told her great grandmother what happened in response to questioning. The great grandmother testified that she had an especially close relationship with the child. The court found that this was the first complaint of the child concerning the rape, and it was made when the child was extremely upset and hysterical and at the child's first opportunity to discuss the crime with someone she trusted outside the *686 atmosphere of her home where the defendant was living with her mother.
In the instant case there was a time lapse of perhaps four days between the crime and the statement. There is no evidence that this child was upset when she made the statement or when Mrs. Smith picked up the child on July 4. Had this child been upset and made her statement to Mrs. Smith when she first picked her up the facts would be closer to Noble's. Instead, we are faced here with an uncertain date of the crime, joined with an absence of an unusual frame of mind when the child is separated from the defendant, and a further lapse of at least one day and perhaps two days when the child makes the report in a telephone call to a social worker she had just met. We conclude that the state failed to prove that this was the child's first reasonable opportunity to make the complaint or that the complaint was the product of a shocking episode. Therefore, Mrs. Smith's testimony was inadmissible.
Nonetheless, defendant's conviction will be affirmed if Mrs. Smith's statement was merely cumulative of other evidence presented at the trial. For us to conclude that the admission of the statement constituted harmless error we must be able to conclude, beyond a reasonable doubt, that the improperly admitted hearsay did not contribute to the verdict. State v. Banks, 439 So.2d 407 (La.1983). This we are unable to do. The state called a physician who examined the child and found that her hymen was not intact, but he stated that it could have been broken from causes other than sexual intercourse. Thus, the only valid evidence left to support the conviction is the testimony of the child who was eleven at the time of the trial. On direct examination she testified that the defendant laid on top of her, pulled down her pants, unzipped and pulled down his pants, and "put his weenie in my cat." She explained that this meant sexual intercourse by reference to two dolls produced by the state. On cross examination she stated that she discussed her testimony with the prosecutor, Mrs. Smith, a detective, and "a lady I was living with before" and was told by them to tell the truth; but she also testified as follows:
Q. "Did they tell you how to testify today?
A. "Yes.
Q. "Didat any time, did they go over and rehearse the testimony with you?
A. "Yes.
Q. "How many times? Was it a lot of times?
A. "I can't remember."
Surely Mrs. Smith's testimony bolstered in the minds of the jurors the otherwise uncorroborated testimony of this little girl which was admittedly rehearsed by at least four adults. In addition, Mrs. Smith's hearsay came before the child's testimony so that the situation was similar to that in Banks where the hearsay "was the very first evidence that the state put on, and probably was of a lasting impression on the factfinder." Banks at page 410.
Accordingly, the defendant's conviction and sentence are reversed, and the case is remanded to the district court for a new trial.
REVERSED AND REMANDED.
BYRNES, J., dissents with reasons.
BYRNES, Judge, dissenting with reasons.
I respectfully dissent.
While the majority's analysis of the hearsay nature of Mrs. Smith's testimony is correct, I feel that admitting her statements into evidence was harmless error in light of the other evidence presented at trial.
The record reflects that the victim discussed the case with the prosecutor and family members prior to testifying at trial. This is not uncommon, particularly considering the age of the child and the deviate nature of the crime. However, the girl maintains that she was always told to tell the truth and there is no evidence indicating that the child lied or was told to lie while testifying. Therefore, I am of the *687 opinion that Mrs. Smith's hearsay statement was merely cumulative of the victim's testimony at trial and would affirm the conviction and sentence. See State v. Banks, 439 So.2d 407 (La.1983).