KLEES, Judge.
This is an appeal by Betty Woodcock Koll from a conviction of Conspiracy to Commit First Degree Murder in violation of LSA-R.S. 14:26 and 14:30. The issues presented are 1) whether the trial judge erred in denying the Motion to Quash pursuant to LSA-C.Cr.P. Art. 578 relative to the time within which to commence a trial and 2) whether the trial judge erred in permitting the introduction of hearsay testimony of an alleged co-conspirator under LSA-R.S. 15:455. We find that the trial judge did not err in denying the Motion to Quash but he did err in permitting the introduction of the hearsay testimony when it was not permitted to be introduced by a prior ruling on that issue. We remand the case for a new trial.
A police investigation led to the grand jury indictment of Betty Koll and her brother, George Woodcock, on March 25, 1980, for the First Degree Murder of Armand Koll, Betty Koll’s estranged husband. The state theorized that Armand Koll had been murdered by George Woodcock and his friend, Joseph Paul Fallon, upon the instructions and direction of Betty Koll for the insurance money. Fallon was given immunity to testify against George Woodcock and Betty Koll. George Woodcock was subsequently found guilty of First Degree Murder and was sentenced to life imprisonment.
On September 30,1982, Betty Koll filed a Motion in Limine to limit the testimony of Fallon so as not to include his hearsay testimony. On December 15, 1982, the trial court denied the motion. The State amended the Bill of Information to charge Betty Koll with Conspiracy to Commit First Degree Murder in violation of LSA-R.S. 14:26 and 14:30 on May 3,1983.
Prior to the commencement of trial, on August 23, 1983, a hearing was held pursuant to LSA-R.S. 15:455 as a predicate to permit the introduction into evidence of hearsay testimony of an alleged co-conspirator. After hearing the State’s evidence, the trial judge ruled that the State had not *776 made a prima facie showing of conspiracy, and therefore would not allow the hearsay testimony to be admitted into evidence.
During the trial, defense counsel, upon cross-examining Fallon about his immunity agreement with the State, showed Fallon the immunity agreement and read the first sentence of the agreement aloud. This first sentence states:
The above agreement is based in our understanding that Mr. Fallon has extensive and first-hand knowledge of the involvement of George Woodcock, white male, age 39, and Betty Koll, white female, wife of the murder victim, in the murder of Armand Koll.
Fallon indicated that he did not tell the State anything at all and that his lawyer negotiated the agreement with the State. On re-direct examination, the State asked Fallon what information he had on Betty Koll. Defense counsel objected on the basis that the information was hearsay, which objection was overruled by the trial court. Fallon then went on to testify that George told him Betty Koll would pay them out of the insurance proceeds for the murder and that on the night of the murder, when George came out of Betty Roll's house, he told Fallon that the murder was still on. Defense counsel moved for a mistrial which was denied. Betty Koll was found guilty as charged by a twelve-man jury. On October 4, 1983, defense counsel filed a Motion for New Trial and a Motion for Post Verdict Judgment of Acquittal, which were both denied by the trial court. The trial judge then immediately sentenced Betty Koll to 20 years at hard labor with credit for time served.

Errors Patent

A review of the record fails to indicate that Betty Koll was present at the arraignment or that she was even arraigned on either charge. The record also shows that the trial judge failed to wait 24 hours after denial of her motion for new trial before imposing sentence. The Louisiana Supreme Court has held that a patent error is harmless unless prejudice is shown. State v. Charles, 450 So.2d 1287 (La.1984); State v. Brogdon, .426 So.2d 158 (La.1983). Even though there is no minute entry of an arraignment, Betty Koll did plead not guilty and eventually was tried. There is no prejudice in a not guilty plea and Betty Koll has alleged none.
As to the trial court’s failure to delay imposition of the sentence for a period of at least 24 hours after denial of post-trial motions, the Louisiana Supreme Court, in State v. White, 404 So.2d 1202 (La.1981), has held that where there has been no objection raised regarding the sentence imposed and no showing or suggestion that the defendant was prejudiced by the failure to observe the delay, the case need not be remanded for reimposition of a sentence. In order to determine prejudice the Court looked to the defendant’s opportunity to raise his complaint regarding sufficiency of the evidence in the new trial motion; the time lapse between the defendant’s conviction and the date on which sentence was finally imposed; and whether the defendant’s sentence was hurriedly imposed without due consideration. In the present case, Betty Koll had full opportunity to raise her complaint regarding the sufficiency of the evidence in her motion for new trial. The time lapse between her conviction, August 25, 1983, and the date of sentencing, October 4, 1983, was substantial; and there were no indications that the sentence was hurriedly imposed without due considerations even though the judge refused to order a presentence investigation.

Assignments of Error

Betty Koll first contends that the trial judge erred in denying her Motion to Quash pursuant to LSA-C.Cr.P. Article 578 which provides that trial shall be commenced within three years from the date of institution of the prosecution of a capital case and two years from the date of institution of the prosecution of other felony cases. In the present case, Koll was initially charged with first degree murder on March 25, 1980. Therefore, the state had *777 three years from that .date in which to commence trial. However, the State amended the indictment or information on May 3, 1983 to charge Koll with conspiracy to commit first degree murder, a felony with a two year period in which to commence trial.
As to Betty Roll's contention that the three year time period for capital cases prescribed, we must refer to LSA-C.Cr.P. Article 580. This Article provides:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
In this case, Betty Koll filed several motions (bills of particulars, prayer for oyer, motion for production of exculpatory evidence, motion to sever, etc.) on May 16, 1980. These motions were taken under advisement on June 20, 1980 until July 10, 1980. However, on July 10 the court transferred the case for hearings on the motions and there is no minute entry of the ruling. The State filed amended answers to some of these motions as late as December 10, 1981. The record also shows that on September 30, 1982, Betty Koll filed a Motion in Limine which was heard and ruled upon on December 15, 1982. Because LSA-C. Cr.P. Article 580 allows the State no less than one year after the ruling to commence the trial, since Betty Roll’s trial commenced August 23, 1983, within that year period, this assignment is without merit.
In her second assignment of error, Betty Koll contends that the trial court erred in permitting the introduction of the hearsay testimony of an alleged co-conspirator under LSA-R.S. 15:455. LSA-R.S. 15:455 provides for the admission of declarations and acts of co-conspirators said or done in furtherance of the common enterprise as long as the State establishes a prima facie case of conspiracy. In State v. Dupree, 377 So.2d 328 at 330 (La.1979), the Louisiana Supreme Court explained these requirements:
Before a co-conspirator’s declaration may be introduced under this exception, a prima facie case of conspiracy must have been established and it must be shown that the declaration was made in furtherance of the common enterprise and during its continuation, (citations omitted) Introduction of a hearsay declaration without fulfillment of these requisites violates both the statute which prohibits the admission of hearsay evidence not falling within any exception to the rule, La.R.S. 15:434, and the constitutional guarantee of an accused’s right to confront and cross-examine the witnesses against him. (citations omitted)
The crime of conspiracy is defined in LSA-R.S. 14:26 as the agreement or combination of two or more persons for the specific purpose of committing any crime, provided however, that-such an agreement or combination shall not amount to a criminal conspiracy unless, in addition to such combination or agreement, one or more of the parties does an act in furtherance of the object of the agreement or combination. The Louisiana Supreme Court has held that a prima facie case of conspiracy is presented when the State introduces evidence which, if unrebutted, would be sufficient to establish the fact of conspiracy. State v. Brown, 398 So.2d 1381 (La.1981); State v. Dupree, supra. For purposes of LSA-R.S. 15:455 the State cannot rely on the co-conspirator’s hearsay declaration itself to supply the prima facie case of conspiracy. State v. Meredith, 403 So.2d 712 (La.1981); State v. Millet, 356 So.2d 1380 (La.1978).
The trial judge initially ruled that the State had failed to make a prima facie showing of conspiracy and refused to allow the introduction of the hearsay implicating Betty Koll. However, during trial, when defense counsel questioned Fallon about his immunity agreement with the State and read the first sentence into the record, the State claimed that the defendant “opened the door” to permit its re-direct of Fallon to elicit the hearsay testimony. Absent a pri- *778 ma facie showing of conspiracy and independent of the hearsay declaration under LSA-R.S. 14:455, the “door can not be opened” to elicit such testimony. To allow the declaration without the prima facie showing of conspiracy, “hearsay would lift itself by its own bootstraps to the level of competent evidence.” Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); State v. Carter, 326 So.2d 848 (La.1975).
However, since the trial judge ruled prior to trial that the State had failed to make a prima facie case of conspiracy, it was prejudicial error to allow the hearsay statements to be admitted into evidence without a proper determination by the trial judge that a prima facie case of conspiracy had now been made by the State. Further, the failure of the trial judge to make such a determination, deprived the defendant of the opportunities to seek appropriate relief from this adverse ruling.
The Louisiana Supreme Court in State v. Banks, 439 So.2d 407, 409 (La.1983) has stated that:
The appropriate standard of review to be applied in determining the effect of the improper admission of evidence is whether “ ‘the court [can] ... declare a belief that [the error] was harmless beyond a reasonable doubt.’ ” State v. Gibson, 391 So.2d 421, 428 (La.1980), quoting and adopting Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). The court must be able to determine, beyond a reasonable doubt, that the improperly admitted hearsay did not contribute to the verdict.
After a thorough examination of the entire record we conclude that, in this case, as in Banks, supra, it cannot say, beyond a reasonable doubt, that the improperly admitted hearsay did not contribute to the verdict.
Accordingly, the defendant’s conviction and sentence are reversed, and the case is remanded to the district court for a new trial.
REVERSED AND REMANDED.