BARRY, Judge,
dissenting with reasons.
There were several rulings and comments by the court, the totality of which prevented the defendant from having a fair trial.
The defendant argues the trial court erred (a) by depriving him of a complete and fair voir dire; (b) by ruling that the prosecutor’s explanation of the law was superior to that of his counsel; (c) when the judge called his voir dire examination a “Fourth of July” speech. He submits the court indicated he was guilty and the State’s case had more merit.
*1225 An accused has a right to a full and complete voir dire examination of prospective jurors and to the exercise of peremptory challenges. La. Const. Art. I § 17. The purpose of the voir dire examination is to determine the qualifications of the prospective jurors by testing their competency and impartiality. State v. Williams, 457 So.2d 610 (La.1984).
The scope of examination of prospective jurors is within the discretion of the trial court. C.Cr.P. Art. 786. However, to determine whether that discretion has been exceeded, the reviewing court must examine the entire voir dire transcript. State v. Ford, 489 So.2d 1250 (La.1986).
The defendant attacks two rulings during voir dire. After the prosecutor made introductory remarks, read and explained the law and questioned prospective jurors, the defense apologized because the defendant was an hour late. He stated: “It is really no one’s fault and please don’t look for someone to blame for us starting late.” The court sustained the prosecutor’s objection responding: “Mr. Roe, this is voir dire and I think you are out of order.”
Defense counsel contends he was attempting to determine whether the prospective jurors were prejudiced against the defendant because of his late arrival, but never asked whether they were prejudiced. The trial court properly sustained the State’s objection.
Defense counsel explained that he would be asking questions in order to ascertain the jurors’ qualifications. He told them to be impartial, that the judge would instruct them as to the law, and that they were not to consider the defendant guilty merely because he was charged. The State objected noting that defense counsel had not asked a single question during his explanation. The court responded:
The Court is going to sustain the objection. Mr. Roe, the Court feels that the instructions as to the law, the charge with (sic) the defendant is charged in this matter, has been explained to the jury by the District Attorney. The Court also feel (sic) that you should have some latitude, Mr. Roe, but the Court also feels that you can influence the jury by statements that you make which are overly extensive in length and that you should restrict yourself to voir dire which properly determines whether a jury is capable of sitting or not in this matter. The Court is going to ask you to restrict your Fourty (sic) of July speech to that extent.
Defense counsel’s motion for a mistrial was denied and the Court continued:
I said that you would be granted some lattitude (sic) but the Court is going to restrict the lattitude (sic) which you are granted in your voir dire and the voir dire consists of asking questions of the jurors to determine whether they are qualified. You ask a question that goes on or you make a statement that goes on for eight or nine minutes and the Court feels that your desertation (sic) or explanation of the law is much more exaggerated than is required on a voir dire.
The defendant argues that the court “deprecated the defendant’s presumption of innocence and ability to present evidence on his own behalf by implying that the District Attorney’s explanation of law was sufficient and superceded defense counsel’s attempt to do the same.” Even though I do not find any suggestion of guilt, the court adopted the State’s explanation of the law and limited the defendant’s voir dire. The jury could have concluded that the defense’s comments were improper or unnecessary.
The defendant contends the Court’s reference to the “Fourth of July speech” prejudiced the jury and that “defense counsel was forced to proceed only superficially towards selection of the jury.” Although the court’s comment did not support a mistrial, C.Cr.P. Art. 770[1], it was unwarranted *1226 and could have affected defendant’s substantial rights when considered with the other comments. See C.Cr.P. Art. 921[2].
The defendant contends the trial court erred by refusing to allow questions about a prior inconsistent statement by the victim’s mother. His defense is that the charge was fabricated by her because of personal animosity and he was entitled to attempt to impeach her credibility.
The defense questioned the mother about her contact with the defendant in November, 1982. She admitted that they had an affair eight/nine years earlier, but denied any sexual encounter in 1982 when she was with him on his boat. The defense sought to impeach her testimony but the State’s objection was sustained.
It is not competent to impeach a witness as to collateral facts or irrelevant matters. R.S. 15:494. However, the mother’s personal relationship and contacts with the defendant shortly before this alleged crime has a direct bearing on her credibility since the defense is based on her animosity.
The defendant contends it was error to allow testimony from a police officer on the child’s statement taken four months after the offense because it was not her first complaint.
The defense called the officer and questioned him about specific portions of the statement, i.e., the time, date and location of the offense. The State initially objected on hearsay, but after defense counsel explained his intent to impeach the victim by showing a prior inconsistent statement, the State withdrew its objection. On cross, the State sought to elicit additional details of the assault and the court overruled the objection.
Although Louisiana recognizes a “first complaint” exception to the prohibition against hearsay, there cannot be an unexplained lapse of time between the attack and the complaint, and the utterance must be spontaneous. State v. Middlebrook, 409 So.2d 588 (La.1982).
This child’s statement was not her first complaint and was certainly not spontaneous since there was a four month delay between the attack and the statement. Thus, the officer’s testimony regarding the statement was inadmissible.
The standard of review to determine the effect of improper evidence is whether we can conclude, beyond a reasonable doubt, that the hearsay did not affect the defendant’s substantial rights by contributing to the verdict. C.Cr.P. Art. 921; State v. Banks, 439 So.2d 407 (La.1983).
I am unable to do so. The only evidence of sexual conduct between the child and the defendant was the child’s testimony. There was no physical, medical, or laboratory evidence to support the charge. The officer’s testimony bolstered the child’s recollection of the incident to the extent that it certainly weighed heavily with the jury and contributed to the verdict. The testimony was improperly admitted.
Defendant contends the trial court erred by commenting that its ruling sustaining an objection was subject to review on appeal.
During closing argument defense counsel mentioned the court’s ruling on the mother’s attempted impeachment. The State’s objection was sustained, defense counsel noted his objection, then the court remarked: “If the court made an error, it would be subject to review on appeal.”
Defendant argues that the remark was “so gratuitous, unnecessary and prejudicial as to lead the jury to believe that its re *1227 sponsibility was lessened ... as a result, the defendant was denied a fair trial.”
This comment does not fall within the mandatory mistrial provisions of C.Cr.P. Art. 770 and was not a comment or an opinion as to the facts which is prohibited by C.Cr.P. Art. 772. However, the jury could have reasonably concluded that its decision was insulated from error. The remark was prejudicial.
A charge of aggravated crime against nature involving a child stirs emotions and requires a diligent effort by all parties to proceed with caution. Considering the nature of the charge and any jury’s strong reliance on the trial judge, the court’s demeanor and comments have a heavy influence on the verdict. The above cited erroneous rulings coupled with the court’s prejudicial comments had a cumulative negative effect which, in totality, substantially violated defendant’s right to a fair trial.

. C.Cr.P. Art. 770 in pertinent part provides: Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge. district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
*1226 (1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense;
(4)The refusal of the judge to direct a verdict.

. C.Cr.P. Art. 921 provides:
A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.