569 So.2d 597 (1990)
STATE of Louisiana, Appellee,
v.
Barry E. EDWARDS, Appellant.
No. 21850-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
Rehearing Denied November 29, 1990.
*598 Wellborne Jack, Jr., Shreveport, for appellant.
Whitley R. Graves, Ass't. Dist. Atty., Benton, for appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Defendant Edwards, originally charged with possession of cocaine, stood trial on the amended charge of possession of cocaine with intent to distribute. R.S. 40:967(A). He was convicted by a jury and sentenced to 10 years at hard labor. He appealed, assigning 20 errors raising these issues:
1) Whether errors during his trial deprived defendant of fundamental fairness and allowed him to be wrongfully convicted by affidavit, unconfrontable hearsay, gossip, innuendo and police opinion.
2) Whether the evidence was insufficient to convict defendant of possession of cocaine or possession of cocaine with intent to distribute.
3) Whether the rush to judgment leading up to defendant's trial and errors relating to pre-trial motions and discovery denied him due process of law.
4) Whether the trial court erred post-trial in ruling upon the motion for post-verdict judgment of acquittal, motion for new trial and motion in arrest of judgment.
5) Whether the 10 year sentence was excessive for this first offender convicted of possessing a small amount of cocaine with intent to distribute.
By defendant's first assignment he contends the trial court committed reversible error when it admitted into evidence, over defense objection, State Exhibit No. 1, the affidavit in support of the search warrant. Since the contention is meritorious, we reverse defendant's conviction and sentence and remand for a new trial.
At the commencement of trial, the State called as its first witness, Ricky Spiers, Captain of the narcotic and vice section of the Bossier City Police Department. Spiers testified that after receiving information from a "non-police officer" concerning defendant, he sought and was granted a search warrant for a 1983 gold Mercedes Benz commonly driven by defendant. The warrant, which authorized the seizure of cocaine, was based on an affidavit executed by Spiers reciting information allegedly received by him. The State emphasized to the jury that these documents had been signed by a judge.
*599 Spiers testified that in the early morning hours of June 10, 1989 he and other members of the Bossier Police Department went to the parking lot of the LeBossier Hotel and located the gold Mercedes Benz. At Spiers' instruction, one officer went into the Vertigo Lounge, which is located inside the LeBossier Hotel, found the defendant, informed him that a search warrant for the Mercedes had been obtained and asked him to come out to the car. Because defendant stated he did not have the keys to the car, a locksmith was called in order to gain entry. The ensuing search revealed 0.42 grams of cocaine powder located in an envelope inside a folded magazine page in the glove box. Defendant was then placed under arrest.
At the conclusion of Spiers' testimony, the State offered the affidavit and search warrant into evidence. Defendant objected on the ground that the affidavit contained hearsay evidence. The objection was overruled without explanation.
When defendant requested that the hearsay portions of the document be stricken prior to its exhibition to the jury, the court told him, in the presence of the jury:
"(T)he document is introduced into evidence. If you want to introduce some other evidence to counter that some way, that's fine when it comes the right time to do it but I'm not going to introduce allow a document to be introduced and I'm not going to strike any portion of it and I'm not going to allow counsel to make statements to the Jury as to what you think about it or don't think about it. When you get an opportunity to argue the case, you can do that. Right now the document's introduced into evidence as is. I'm going to allow the State to show it to the jury as it is."
The affidavit was then presented to the jury for examination. The affidavit stated in pertinent part:
Within the past forty eight (48) hours, affiant has been contacted by a confidential reliable informant (hereinafter referred to as C.I.) who has given information that a Shreveport, Louisiana attorney, black male, Barry Edwards, is distributing illegal narcotics, namely cocaine, in Bossier City, Louisiana. C.I. further stated that Barry Edwards distributes the cocaine out of a gold colored, four (4) door Mercedes, bearing Louisiana license # 540X831. C.I. told affiant that these illegal narcotic transactions are occurring in the parking lots of the Cowboys Lounge and Vertigos Lounge, which are both located in Bossier City, Bossier Parish, Louisiana. C.I. further stated that he/she has been lawfully present inside the above mentioned Mercedes several times with Barry Edwards and each time while present, has seen white powder that Edwards reported was cocaine.
The Bossier City Narcotics Division, the Shreveport Narcotics Division and the Federal Bureau of Investigations all have had numerous narcotics intelligence reports concerning Barry Edwards dealing cocaine in the Shreveport/Bossier area.
This C.I. has given the Bossier City Narcotics Division numerous information in the past concerning narcotic violators from our area and all of the information has been proven very accurate and reliable.
Based upon the above reliable information, the affiant believes that he has just and probable cause to believe that now located in a gold colored Mercedes bearing Louisiana license # 540X831 there is a quantity of white powder, believed to be cocaine. Due to this information, the affiant prays that a search warrant be issued for this vehicle.
The State now concedes that the affidavit contained inadmissible hearsay and the trial court erred in permitting its introduction. C.E.Art. 802; State v. Wille, 559 So.2d 1321 (La.1990); State v. White, 559 So.2d 541 (La.App. 2d Cir.1990). However, the State contends the error was harmless.
The State asserts that one of its witnesses, Audrey Smith, Lawrence Holland or Thomas Jessup, was the confidential informant (CI) referred to in the affidavit. Accordingly, the State argues defendant's right to confront his accusers was *600 not impinged upon by the trial court's error because defendant was permitted to fully cross-examine these witnesses. The State further argues the testimony of these three witnesses merely reiterated the information contained in the affidavit, rendering the hearsay information cumulative evidence.
There is absolutely no evidence in the record indicating that Smith, Holland or Jessup was the CI referred to in the affidavit. No witness so testified and the trial court prevented each of defendant's attempts at discovery of the CI's identity. Introduction of the affidavit served to effectively deny defendant his constitutional right to confront his accusers. State v. Bazile, 386 So.2d 349 (La.1980); State v. Graham, 486 So.2d 1139 (La.App.2d Cir. 1986), writ denied, 493 So.2d 633 (La.1986).
The record further shows that the hearsay evidence attributed to the CI was not cumulative with the testimony of Smith, Holland or Jessup. There were facts purportedly provided by the CI tending to establish defendant's guilt of possession of cocaine with intent to distribute other than those testified to by these three witnesses. Although the testimony suggested the witnesses knew defendant through his frequenting Vertigo's lounge, none of the three specifically stated that the illegal narcotics transactions occurred in the parking lots of Cowboys and/or Vertigo's Lounge. None of the three indicated the drug transactions occurred so close to the issuance of the warrant as to give the police probable cause to believe the Mercedes contained cocaine. No one stated that he knew the license number of the Mercedes. None of the three indicated he had contacted Spiers within 48 hours of the execution of the affidavit. Finally, no State witness indicated that any of the three had previously given information to the Bossier Narcotics Division and the information had proven reliable and accurate.
Ms. Smith testified she had received cocaine from defendant in a gold Mercedes Benz approximately seven or eight times on Saturday nights, with the last occurrence being the beginning of March 1989. Although she admitted being at the LeBossier Hotel and having seen defendant on March 10, the night of his arrest, she could not provide the date which they had last used cocaine.
Holland testified he had received cocaine from defendant in a gold Mercedes Benz approximately eight to ten times. Although he admitted being at the LeBossier Hotel on the night of defendant's arrest, he denied seeing defendant. He did not indicate when he was last given cocaine by defendant.
Jessup testified he had received cocaine from defendant in a gold Mercedes Benz approximately fifteen to twenty times. He stated he had seen defendant at the LeBossier Hotel on the night of his arrest. He did not indicate when he was last given cocaine by defendant.
In addition to the hearsay information allegedly provided by the CI, the affidavit made reference to "numerous narcotics intelligence reports" in the possession of the Bossier City Narcotics Division, the Shreveport Narcotics Division and the Federal Bureau of Investigations. Insofar as the FBI report is concerned, the State argues the sources of the information in the FBI report were Holland, Jessup and Smith and their direct testimony at trial eliminated the necessity for an FBI agent's testimony. There is nothing in the record indicating the basis for the information contained in the alleged FBI report. Spiers himself testified he had never actually seen any of these reports and only "knew of" their existence.
The hearsay information contained in the affidavit cannot be called cumulative as it was significantly more extensive than that provided by the State's evidence. State v. Banks, 439 So.2d 407 (La.1983).
In order for an appellate court to affirm a defendant's conviction when hearsay evidence has been improperly admitted at trial, the court must determine, beyond a reasonable doubt, that the improperly admitted evidence did not contribute to the verdict. State v. Banks, supra; State v. White, supra.
*601 Given the emphasis placed on the contents of the affidavit through the State's presentation of the exhibit to the jury at the beginning of trial, the trial court's discussion of defendant's objection to the exhibit's introduction in the presence of the jury, and the repeated reference to the fact the affidavit had been signed by a judge, the trial was tainted by hearsay from the time the first witness left the stand. As in Banks, the hearsay was the very first evidence that the State put on and probably made a lasting impression on the jury. Neither was this error cured by subsequent events at trial. The record belies the State's contention that the hearsay evidence contained in the affidavit was merely cumulative. State v. Banks, supra. Nor is there any basis for the State's claims that its witnesses provided the basis for hearsay information in the affidavit. Finally, as in State v. White, supra, the State discussed the hearsay in its closing argument to the jury stating:
"Remember the affidavit that Captain Spier (sic) said that he wrote out and was signed by Judge Robinson, part of the evidence. Showed it to you and you had the opportunity to read it."
and
"(I)ntelligence reports are not mere rumors."
The court itself, in its charge to the jury, instructed the jurors to consider the evidence which consisted of "the testimony of witnesses and of exhibits such as writings and physical objects which the court has permitted the parties to introduce." The fact the jury gave credence to this exhibit is evidenced by the fact it requested the affidavit during its deliberations.
Without the trial court's erroneous admission of the affidavit and the State's emphasis on the information therein contained, the jury may not from the State's evidence have drawn the conclusion of inference that defendant intended to distribute the small quantity of cocaine discovered in his possession.
We find the erroneous admission of the hearsay evidence was prejudicial and affected substantial rights of the accused and was not harmless beyond a reasonable doubt. C.Cr.P. Article 921; State v. Banks, supra; State v. White, supra.
Having found reversible error in defendant's first assignment, we pretermit consideration of the remaining assigned errors.
Decree
For these reasons, defendant's conviction is REVERSED and his sentence VACATED, and the case is REMANDED to the district court for a new trial.

Application for Rehearing
Before MARVIN, FRED W. JONES, Jr., SEXTON, NORRIS and HIGHTOWER, JJ.
Rehearing denied.